JOHN J. BENZ v. MARY A. HINES AND ELLEN M. TARR.

*Error from Leavenworth County.*

The 'District Court in exercising the power conferred by section 449 Civil Code, should either set aside or confirm a sale made, and has no power to modify its terms. [10 *Ohio S.*, 556.]

Any fraudulent conduct of the officer or a combination between the judgment creditors and a third person to prevent competition, will invalidate a judicial sale, and such facts may be shown on a motion to set aside a sale, but a decision on such motion either way would not effect the ultimate rights of the parties, nor be a bar to an action to determine the title to the land, [White-Crow v. White-Wing, Ante, 276,] and *held* not *res judicata*, especially where the plea is interposed in a separate action, and where it is proposed to show such fraud in the proceedings upon which the former adjudication was founded as to avoid it.

To make a matter *res judicata* there must be a concurrence of 1st, identity in subject matter; 2d, in the cause of action; 3d, of the persons and parties, and 4th, in the quality in the persons for or against whom the claim is made. [2 *Bouv.*, 465; 4 *Mass.*, 245.] In the case at bar the identity in the cause of action, fails.

*Held* that the doctrine of *res judicata* is not applicable, generally, to motions in the course of practice, [5 Hall N. Y., 493,] except, perhaps, as to any other application on the same state of facts for a similar order. [4 *Sandf. Ch.*, 438.]

In an action to recover real property by a purchaser at a judicial sale from the judgment debtor, *held* that it was error to reject evidence of fraud in the officer making the sale, and of a fraudulent combination to prevent competition thereat.

The plaintiff in an action to recover real property, is entitled to recover if he show paramount title to any part of the premises described in his petition, yet, not without evidence of a sufficient interest to maintain the action in the definite tract for which judgment is rendered.

Where the evidence in such case consisted of an execution, levy, sale, order confirming the same, and sheriff's deed of the whole tract described in the petition, which were void as to an undefined one acre, constituting the

homestead of the judgment debtor, and void as to that only, and where nothing appeared describing the lines, shape or situation of that acre, *held* that the evidence was too indefinite. *Semble*, had either party shown in the court below what specific acre was occupied as the homestead, it would have been sufficient.

The facts of the case sufficiently appear in the opinion of the court.

*Clough & Wheat* and *W. C. McDowell*, for plaintiff in error.

*W. P. Gambell*, for defendants in error.

Among other points counsel for plaintiff submitted:

I. The invalidity of the sheriff's sale may be established by evidence in the trial of a real action under the Code, where plaintiff in such action relies upon a sheriff's deed, notwithstanding confirmation, the deed being only prima facie evidence of the legality of sale. *Civil Code, sec.* 450.

(*a*). The order of confirmation made on motion, is not *res adjudicata.* 25 *Wend.,* 335; 4 *Sandf. Ch.,* 438; 6 *How. Pr.,* 321; 3 *Abb. Dig.,* 191, sec. 76; 14 *Johns,* 63; *White-Crow* v. *White-Wing,* 3 *Kans.,* 276.

(*b*). On motion of McCracken to confirm sale nothing could be inquired into except the regularity of the proceedings of the sheriff. 2 *Kans.,* 160, 193.

(*c*). On motion of defendant to set aside the sale, nothing could be heard and passed upon except the identical facts put in issue by said motion. As to all other questions entitling him to have said sale set aside, there could not be an adjudication of the court. And it is immaterial whether such facts, not presented, were discovered before or after such motion. (The question of fraudulent complicity preventing fair competition was not made in Benz's motion.) 3 *Abb. Dig.,* 195, sec. 126; *Id.,* 196, secs. 127 *and* 129; *p.* 199, secs. 163 *and* 164; 2 *Johns,* 24; 4 *Ker.,* 465; 3 *Comst.,* 173; 2 *Pick.,* 20; 10 *U. S. Dig.,* 282, sec. 103;

*Id.*, 283, *sec.* 118 ; 8 *Black*, 440 ; 2 *U. S. Dig.*, 644, *sec.* 155 *to* 159 *and* 167.

(*d*). Even if fraud had been alleged in the motion of Benz to set aside the sale and no evidence were offered to establish it, (and none was,) the over-ruling of the motion is not *res adjudicata*, but the fact of fraud may be proved afterwards in a real action. *Seddon* v. *Tutpot*, 6 *Term*, 607 ; 2 *Johns*, 227 ; 5 *B. Mon.*, 590, 594 ; 7 *Dana*, 507 ; *Myers* v. *Sanders' heirs*, *Sanders' heirs* v. *Buskirk*, 1 *Dana*, 410.

II. Especially may such invalidity be shown if the ground thereof be fraud, and such fraud is not discovered until after such confirmation. *Civil Code, sec.* 22.

III. The vagueness and indefiniteness of the description of the property sold vitiates the sale. 3 *B. Monroe*, 368, *et seq.*; 24 *Ill.*, 647 ; 16 *U. S. Dig.*, 298, 113 ; 27 *Ala.*, 437 ; 10 *Cal.*, 17 ; 6 *Seld.*, 509 ; 32 *Mo.*, 79 ; 13 *Wis.*, 643 *and cases there cited*; 13 *How. U. S.*, 18 ; 14 *Id.*, 76 ; 4 *Peters*, 349 ; 2 *Ohio*, 412 ; 5 *Id.*, 458 ; 12 *Ill.*, 391 ; 9 *Ohio State*, 599 ; 5 *Blackf.*, 51.

IV. The court erred in its instructions to the jury, and in refusing to give those asked, in this :

1st. In instructing the jury to find for the plaintiffs, such instruction in effect being a finding of the facts by the court, and an usurpation of the province of the jury. The court erred in assuming, in said instructions, that the tract of land, less one acre, had been identified. This was a material fact, to be passed upon by the jury. The third instruction of the court is as follows :

"That they must find for the plaintiffs, and that they are the owners of, and entitled to the possession of the south-west quarter of the south-east quarter of section number thirty-five, in township number eight, in range number twenty-two, excepting the one acre thereof occupied by defendant as a homestead, and assess their damages," &c. *Cockrell* v. *McGuion*, 4 *Mon.*, 63 ; *Ott* v. *Soulard*, 9 *Missouri*, 596.

3d. The court certainly erred in refusing to give the fourth, fifth, sixth, seventh and eighth instructions asked by Benz. They are as follows:

"4th. That the evidence did not sufficiently identify what part of the tract of land in controversy constituted or was the one acre mentioned in the judgment of the Supreme Court of this state, a copy of which is in evidence, and that therefore the order confirming the sale of the balance of the land in controversy is void."

"5th. That one of the effects of the judgment of the Supreme Court of this state, shown by the copy thereof in evidence, whereby the sale by the sheriff under the execution in evidence, and the confirmation by this court of such sale of the land in controversy as to the one acre thereof mentioned in said judgment of said Supreme Court is set aside, is to render the sale so made by said sheriff of one acre of the land in controversy *void*; and also the confirmation by this court and the sheriff's deed, as to such acre, is thereby rendered void, the same as though such deed for, and confirmation of such sale, and sale of such acre had never taken place; and this leaves the sheriff's sale of the remainder of the land in controversy and the confirmation thereof, under the evidence in this case, void for uncertainty as to where the remainder of the land is located. The fact that it is a part of a tract of land composed of such remainder and the one acre aforesaid, does not render the location or description sufficiently certain."

" 6th. That the plaintiffs, to entitle themselves to recover a part of the land in controversy, must by evidence show what part they are entitled to. To show it through the sheriff's sale, they must show what part of the land is not included in the acre mentioned in the copy of the judgment of the Supreme Court in evidence. The fact of confirmation of sale of the land in controversy, except such acre, is not sufficient."

" 7th. That the plaintiffs, to entitle themselves to re-

cover, must show the particular land sold, and to which sale has been confirmed and confirmation not reversed. The setting aside of the sheriff's sale and confirmation thereof as to the one acre homestead of defendant mentioned in the order of the Supreme Court, makes it incumbent upon the plaintiffs to show the boundaries of the remainder of the land; the jury cannot guess at the same; and there being no evidence on that subject, the location of such remainder is, by the evidence in this case, left void for uncertainty."

" 8th.   That in the absence of evidence sufficient to show the location of the acre mentioned in the judgment of the Supreme Court, the plaintiffs are not entitled to recover any part of the land in controversy."

V.   The court erred in refusing Benz a new trial because of the errors of the court in the trial, and also because the evidence was not sufficient to sustain the verdict in this:

1st.   There was no evidence showing the location either of the acre or the remainder of the tract besides said acre.

2d.   Because there was no competent evidence showing that the entries read from said Journal 4, and the Books 5 and 6, were the records of said court, no convening order or caption being shown.   Parol evidence cannot establish it.   It is material to the verity of the record, and cannot be proved by evidence dehors the same.   14 *Ill.*, 380, *and authorities there cited.*

The law is well settled that fraud practiced by the purchaser at sheriff's sale, preventing fair competition, vitiates the sale.

He cannot be sustained in his title, derived at such sale, when by fraudulent devices he secures the purchase for a sum far below the real value.   7 *Blackf.*, 267; 6 *Johns,* 194; 3 *Johns Cases,* 29; 8 *Johns,* 444; 18 *Id.*, 110 *and* 427; 2 *Littell,* 217; 5 *B. Mon.*, 597, 599; 4 *J. J. Marshall,* 491; 18 *U. S. Dig.*, 321, *sec.* 87; 28 *Penna. State,* 423; 4

*Mich.*, 205; 20 *Mo.*, 294; 4 *Ind.*, 213; 24 *Ill.*, 647; 38 *Penna. State*, 385; 4 *U. S. Dig.*, 773, *sec.* 898; 6 *Texas*, 60; 22 *Id.*, 377; 18 *Id.*, 658; 19 *U. S. Dig.*, 301, *sec.* 131; 1 *Grant's cases*, 67; 2 *Gill*, 1; 7 *U. S. Dig.*, 253, *sec.* 146; 25 *Ill.*, 176; *White-Crow* v. *White-Wing*, 3 *Kans.*, 276; 2 *U. S. Dig.*, 648, *sec.* 245; 11 *How. U. S.*, 460.

The brief for the defendants in error has not reached the hands of the reporter.

*By the Court*, BAILEY, J.

This was an action commenced Oct. 24th, 1864, in the District Court of the county of Leavenworth, by the defendant in error, (plaintiff below,) to recover of the plaintiff in error, (defendant below,) the south-west quarter of the south-east quarter of section thirty-five, township eight, of range twenty-two, and the damage for the detention thereof. The answer of defendant below, contained a denial of the allegation of the petition of plaintiff below, except it admitted that the plaintiff was in possession of the premises. The issue was tried at the May term, A. D. 1865, before the court and a jury. On the trial the plaintiff below offered in evidence an execution issued pursuant to and reciting a judgment of said court as rendered November 19, 1863, in an action wherein Nelson McCracken was plaintiff and the defendant in error and others were defendants, and the return thereon of "no goods," and showing a levy on the 17th day of February, A. D. 1864, on the property in question as the property of plaintiff in error, and the advertising and sale thereof on the 9th day of April 1864, to Thomas Patterson for $600. Evidence was also introduced, under objection, of the record of the court in that case, of the petition, final judgment, motion to confirm said sale as to the whole of the land, and the motion of defendant below to set aside the sale, and of the order of the court confirming the sale, and a sheriff's deed for the whole tract. A deed from Patterson dated April 12th 1864, to plaintiffs below was also read in evidence.

On the part of the defendant below the attention of the court below was called to the decision of this court, that said sale was void as to a homestead of one acre, reversing said order of confirmation as to such homestead. *Benz* v. *Rawlston Mss., Jan. term* 1865.

The defendant below then offered to prove that plaintiffs below fraudulently prevented competition at said sale, and that such fraud was not discovered until after the order of confirmation.

The court refused to allow any testimony to be introduced, tending to impeach the validity of the sale.

At request of plaintiffs below, the court gave certain instructions to the jury and refused to give certain others asked by the defendant below.

The instructions asked by the plaintiffs below and given to the jury by the court, and those asked by the defendant below, and by the court refused, alike involved the question whether the evidence, the sheriff's deed and the order of confirmation by the court below, as modified by the decision of this court, sufficiently identified what part of the tract of land in controversy constituted the homestead, and what part was included in the order of confirmation as modified. The instruction given, was to the effect that the jury "must find for the plaintiffs, and that they are the owners of and entitled to the possession of the south-west quarter of the south-east quarter of section number thirty-five in township number eight, in range number twenty-two, *excepting the one acre thereof occupied by defendant as a homestead,* and assess the damages," &c. The jury under the instructions found for the plaintiffs below, and that they are the owners of and entitled to the possession of the land, describing it as in the instruction given, and assessed their damages for detention. The defendant below made a motion for a new trial, which was overruled. On exceptions to these rulings the case is brought to this court.

The record in this case fairly raises the question whether

the order confirming the sale under an execution, of the land in question, is *res judicata* in an action to recover the land founded on such sale as to preclude the introduction of testimony to show that the plaintiff in the execution, used fraudulent means on said sale, in preventing competition among the bidders.

The court in exercising the power conferred upon it by the 449th section of the Code, should either set aside or confirm a sale made, and has no power to modify its terms. 10 *Ohio St.*, 556.

It has been the unanimous opinion of this court that any fraudulent conduct of the officer, or a combination between the judgment creditors and a third person to prevent competition, will invalidate a sale, and that those facts may be shown on a motion to set aside the sale. But it has been expressed as the opinion of this court, that a decision either way upon such a motion, would not affect the ultimate rights of the parties, nor be a bar to an action to determine which was the owner. *White-Crow* v. *White-Wing*, [*ante, p.* 276.]

We are still of opinion that an order made pursuant to the section named, which confines the action of the court to the mere granting or refusing the order asked, without giving it power to modify, is not such a judgment as to be pleadable as *res judicata*, especially where the plea is interposed in a separate action, and where it is proposed to show such fraud in the proceedings upon which the former adjudication was founded, as would avoid it.

In order to make a matter *res judicata*, there must be a concurrence of *first*, identity in the subject matter; *second*, of the cause of action; *third*, of the persons and parties, and *fourth*, in the quality in the persons for or against whom the claim is made. 2 *Bouvier*, 465; 4 *Mass.*, 245.

In the case at bar the identity in the causes of action, fails. We think the doctrine is not applicable generally, to motions in the course of practice, (5 Hill N. Y., 493,) except perhaps as to any other application on the same

state of facts, for a similar order. *Banks* v. *The American Tract Society*, 4 *Sandf. Ch.*, 438.

This determination will make a re-trial of the case necessary. The next question involved, likely to have a bearing upon future proceedings in the case, is, whether the description of the property in the evidence adduced, was sufficiently definite. The same description is used in the charge of the court to the jury, and in their verdict as in the judgment. The plaintiff in an action like the one at bar, is entitled to recover, if he shows paramount title to any part of the premises described in his petition, yet not without evidence of a sufficient interest to maintain the action in the definite tract for which the judgment is rendered. In this case the evidence consisted of an execution and levy on, the sale, and an order confirming such sale, of the whole tract described in the petition, and the sheriff's deed for the same. That deed, order of confirmation and sale were void as to an undefined portion of the tract, consisting of the homestead of one acre, occupied by the plaintiff in error. Nothing appears to identify the acre or determine its shape, except that it was an acre occupied by the defendant (below,) as a homestead. He is shown to have been in the possession of the whole tract. Something more definite as to the location and form of the precise acre constituting the homestead, should have appeared. But as to whose duty it was to make it appear, we forbear to determine, because had either party made it appear what precise acre of the tract was by the defendant below *occupied as a homestead*, it would have been sufficient to sustain a verdict for the residue, had the evidence been sufficient in other respects.

No other question likely to arise on a rehearing of the case seems to be involved. The judgment below is reversed for error in the court in rejecting evidence of the plaintiff in error tending to show fraud in the sale.

SAFFORD, J., concurring, CROZIER, C. J., having been of counsel in one of the actions below, declined to sit in the case.