THOMAS BUTCHER v. TAYLOR, WILSON & CO.

APPEAL; *Final Judgment; Order Dissolving Attachment.* An order of a justice of the peace, dissolving an attachment under section 53 of the justices act, is not a "final judgment" within the meaning of section 120 of the justices act relating to appeals; and therefore no appeal will lie from such an order to the district court.

*Error from Atchison District Court.*

THE only question here, is whether an appeal will lie from an order by a justice of the peace dissolving an attachment. Such appeal was dismissed by the district court, at the November Term 1875. *Butcher,* plaintiff, and appellant, brings the case here on error.

*F. D. Mills*, for plaintiff.

*Everest & Waggener*, for defendants.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error commenced an action in a justice's court against the defendants in error for the rent of a certain stone building, and also at the same time procured an order of attachment to be issued against the property of the defendants. Afterward the defendants filed an affidavit denying the grounds upon which said order of attachment was procured, and moved the court to dissolve the attachment under section 53 of the justices act. That section reads as follows:

"SEC. 53. If the defendant shall, before the trial is commenced, file an affidavit denying the grounds laid for the attachment in the plaintiff's affidavit, the justice shall, on reasonable notice in writing being given to the opposite party, proceed to examine into the truth of the grounds laid for such attachment, and shall hear such evidence as may be produced by either party; and if it appear that such grounds are not sustained by the evidence, the justice shall discharge the attachment." (Gen. Stat. 787.)

A hearing was afterward had as to the truth of the grounds for said attachment—both parties appearing, and the plaintiff introducing evidence—and on such hearing the justice dissolved the attachment, and adjudged the costs of . the attachment against the plaintiff. Afterward a trial was had upon the merits of the action, which resulted in favor of the plaintiff. Afterward the plaintiff took an appeal to the district court from the decision of the justice on said attachment-proceedings, but did not pretend to take any appeal from the judgment of the justice on the merits of the action. In the district court the defendants moved to dismiss the appeal on the ground, among others, that such appeal was null and void. The court thereupon sustained said motion, and dismissed said appeal, and the plaintiff excepted, and now brings the case to this court for review.

The plaintiff founds his appeal on section 120 of the justices act, which reads as follows:

"Sec. 120. In all cases not otherwise specifically provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered." (Gen. Stat. 800.)

It will be noticed that this section authorizes an appeal only from a "final judgment." Now was the order of the justice discharging said attachment a final judgment? We think not. *Boston v. Wright*, 3 Kas. 227; *Davis v. Perry*, 46 Mo. 449; *Anderson v. Moberly*, 46 Mo. 191; *Walser v. Haley*, 61 Mo. 445; *Jones v. Snodgrass*, 54 Mo. 597; *Bray v. Laird*, 44 Ala. 295; *Harrison v. Thurston*, 11 Fla. 307; *Abbott v. Zeigler*, 9 Ind. 512; *Cutter v. Gumberts*, 8 Ark. 449. "A judgment is the final determination of the rights of the parties in an action." (Gen. Stat. p. 704, § 395; id. p. 814, § 185.) And a final judgment is not less final than a mere judgment. The order taxing costs on discharging an attachment, is not final, but may be reëxamined and modified by the same court at any time up to the final taxation of costs in the action. In this very action the order taxing costs in the attachment-proceedings was modified by the justice after the final judgment on the merits of the action was rendered.

The judgment of the court below dismissing the plaintiff's appeal will be affirmed.

Brewer, J., concurring.

Horton, C. J., not sitting in the case, having been of counsel in the court below.