## J. L. WOODEN v. COMMISSIONERS OF ALLEN COUNTY.

1. CH. 39, LAWS OF 1877, *Construed.* Under an order of sale issued against certain real estate for taxes assessed thereon, upon a judgment rendered in accordance with the provisions of ch. 39, Laws of 1877, the sheriff to whom such writ is issued is not required to make service of the writ on any party, or levy on the tracts of land named in the case.

2. —————— *Fees of Sheriff.* A sheriff is not entitled to any fees or mileage for serving the order of sale issued under a judgment in such proceedings upon the parties, or for levying on tracts of land named in the case.

3. —————— *Statute Construed.* The statute giving to a sheriff fifty cents for the appraisement of property, fifty cents for advertising property for sale, and fifty cents for offering for sale or selling property, has reference to all the property to be disposed of under a single writ, and not to each separate piece of real estate or each article of personal property to be sold thereunder.

*Error from Allen District Court.*

IT appears from the case-made, that the petition of the *Board of Commissioners of Allen County* was filed against certain lots and other property, together with the owners thereof, in the district court of that county, in the year 1877, in accordance with the provisions of ch. 39 of the Laws of 1877. Thereafter, proceedings were had in all respects in conformity with the provisions of said act. A large number of different tracts of land belonging to different owners was included in

the petition and proceedings. Judgment was rendered as provided by the statute, the various tracts were sold, the sales confirmed, and the sheriff ordered to execute deeds to the purchasers. This was done, and the costs and fees allowed and taxed in favor of the sheriff, *J. L. Wooden* (the plaintiff in error), were as follows:

*For each tract and owner, as follows:*

Serving first person and tract, and return........................................... 50c.
Each additional person and tract................................................... 25c.
Appraising each separate tract.................................................... 50c.
For each tract, advertising....................................................... 50c.
For selling each tract........................................................... 50c.
For offering each tract........................................................... 50c.
For mileage in serving writ and making appraisement, for each mile actually traveled, in addition to miles actually traveled in summoning appraisers, per mile......................................... 10c.

Afterward, a motion was made to retax said costs, and upon the hearing of this motion the court directed and adjudged that the fee bill of *J. L. Wooden*, as sheriff of Allen county, be revised and corrected as follows: "That the sheriff was not entitled to fifty cents for service and return of the first person served, and twenty-five cents for each additional person served, for the reason that there had been no such service performed by the sheriff in this cause as charged by him; that the charge made by the sheriff of fifty cents for each tract of land appraised in said order was erroneous; that the sheriff was entitled to only fifty cents for appraising all the lands contained in said order; that the sheriff was entitled to only fifty cents for advertising said property; that the sheriff was entitled to only fifty cents for selling all the property contained in the order of sale, and that the charge of fifty cents for offering for sale each tract of land in said order was erroneous; that the sheriff was entitled to only fifty cents for offering all said tracts; that said sheriff was entitled to mileage only in summoning appraisers, and that all other charges for mileage were erroneous." It was further considered, ordered and adjudged that the clerk of the court revise, correct and retax the costs in the cause in accordance with these orders and directions.

. To the rulings and judgment of the court the sheriff excepted, and brings the case here.

*Cates & Keplinger*, for plaintiff in error.

*W. H. Slavens*, county attorney, and *J. C. Murray*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The fees charged and originally allowed to the sheriff, in the case of the board of county commissioners of Allen county against lot four in block three in the city of Iola, Allen county, and other property and the owners thereof, were excessive and unauthorized by law. The statute under which these proceedings were had prescribes that upon a hearing by the court, it shall be the duty of the court to investigate and decide what taxes have been legally assessed and charged on the lands, lots and pieces of ground named in the petition, and to render judgment therefor, together with the interest and penalty thereon, as provided by law, to the date of such judgment, and charge the same as a lien on said land, lot, or piece of ground, and to order the sale of the same for the payment of such taxes, interest and penalty, and the cost of such proceedings and sale, which sale shall be made and conducted in all respects as sales upon execution. (Laws of 1877, ch. 39, § 1.)

The only writ issued in cases of this character to a sheriff, and the writ on which the charges were made in this case, was an order of sale of the lots and pieces of ground on which certain taxes were declared a lien. The writ conformed to the judgment and order of the court, and under it the sheriff was only required to appraise and sell as upon execution the specific property therein mentioned. He had no levy to make, and there was no service to be made on any person; so the fees claimed for serving the parties and the several tracts of land were unwarranted. We also think that the statute allows to the sheriff the sum of fifty cents only for the appraisement,

fifty cents for the advertising, and fifty cents for the offering for sale or the selling of the property named in the writ or levied upon under an execution, and not fifty cents for each piece of property. The reference by the statute is to all the property to be disposed of under a single writ, and not to each separate piece of real estate or each article of personal property to be sold thereunder. (Laws of 1875, ch. 97, § 1.)

The charges for mileage in serving the order of sale and making the appraisement were properly disallowed. As above stated, no service had to be made on any party, and hence no fees could be charged for such acts.

The order and judgment of the district court in retaxing the fees and costs will be affirmed.

All the Justices concurring.