THE BOARD OF COMMISSIONERS OF WILSON COUNTY V. THOMAS MCINTOSH, *et al.*

1. RES ADJUDICATA; *Old Rule, Relaxed.* The old rule that the decision made upon a motion is not *res adjudicata*, and does not prevent a re-examination of the question decided, in the more regular form of a suit either at law or in equity, no longer obtains in its former strictness. Regard is now had less to the form of the proceeding, and more to the substance and conditions of the decision.

2. QUESTION, *When Not to be Relitigated.* Where after a judgment a motion is made to retax costs, due notice is given, the parties appear, the question is distinctly presented and decided, and time given to make a case for review, *held,* that the plaintiff in such motion cannot treat the decision thereon as a nullity, and without leave to renew the motion, or a showing of additional facts, relitigate in a subsequent action the exact question then presented and decided.

*Error from Wilson District Court.*

ACTION brought by the *Board of Commissioners of Wilson County* against *Thomas McIntosh,* as sheriff of said county, and three others, as sureties on his bond as such officer, to re-cover $2,000, with interest thereon at seven per cent. per annum from January 1, 1878. At the February Term, 1882, judgment was given for defendants and against the plaintiff *Board,* which brings the case here. The facts appear in the opinion.

*S. S. Kirkpatrick,* for plaintiff in error.

*E. A. Barber,* for defendant in error Neff.

The opinion of the court was delivered by

BREWER, J.: Under the authority of chapter 39, Laws 1877, the plaintiff commenced two actions to have certain tracts of land subjected to sale for taxes, penalties and costs. After judgment and sale in such actions, the sheriff claiming certain amounts received as his costs, the county attorney, on behalf of the plaintiff, filed a motion in each for the retaxation of costs. Due notice was given of such motion, the sheriff

appeared in response thereto, and they were heard and determined by the court. Exceptions were taken, and leave given to make a case. Thereafter, without bringing the ruling on such motions to this court, the plaintiff commenced this independent action against the sheriff and his sureties. The defendants set up the ruling on the motions in bar of the action, and the only question is whether such ruling is a bar upon the principle of *res adjudicata*. The district court held that it is, and from such ruling the plaintiff comes to this court.

Plaintiff contends that it is a familiar doctrine that the decision of a motion will not ordinarily be so far conclusive upon the parties as to prevent their drawing the same matters in question again in the more regular form of a suit either in law or equity, and in support of this, cites the following authorities: Freeman on Judgments, §§ 325, 326; Bigelow on Estoppel, 2d ed., p. 20; *Ford v. Doyle,* 44 Cal. 635; *Dickenson v. Gilliland,* 1 Cow. 495; *Chichester v. Conde,* 1 id. 39; *Benz v. Hines,* 3 Kas. 390; *White-Crow v. White-Wing,* 3 id. 276; *Dolfus v. Frosch,* 5 Hill, 493; *Banks v. The American Tract Society,* 4 Sandf. Ch. 438. That this is the general doctrine in respect to interlocutory motions, may be conceded; yet even as to those, it was generally the case that a second motion, presenting the same question, would not be entertained without leave of the court first obtained. (See Freeman, Bigelow, 44 Cal., and 5 Hill, *supra.*)

On the other hand, the defendants contend that this rule does not obtain in motions like the present, and for these reasons: (1.) The merits of the question were not only capable of being tried, but were in fact tried on the motion. (2.) It was a question upon which the parties were not entitled to a jury, but upon which the decision is by statute expressly given to the court. (Civil Code, § 593a.) (3.) The question arose in a motion made after judgment, and one which affected the ultimate and substantial rights of the parties. (4.) It was a matter which, when determined on the motion, could have been brought to this court directly for review. Hence they

contend that the ruling contained all the essential elements to make the decision thereon *res adjudicata.*

It will be well to understand the exact limits of the question as it is presented in the record. It is conceded that the moneys claimed are those awarded to the sheriff on the motions to retax. It is not alleged that any new evidence can be presented, or that the facts are different from those presented on the motion. It is stated, it is true, that no evidence was offered on the hearing of the motions, other than the returns of the sheriff; but it is not intimated that those returns are incorrect, or that other facts exist which would controvert or affect them. So that it amounts to this: The court having once applied the law to the facts, and that ruling remaining in full force and unreversed, the plaintiff now asks that such ruling be disregarded and held for naught, and the question a second time considered and decided as to the right of the sheriff to such costs. And the sole basis of this claim is that such decision was rendered upon a motion.

Again, the decision of the motion was an order affecting a substantial right, made upon a summary application in an action after judgment, and therefore a final order, and subject to review in this court. (Civil Code, § 593*a; Linton v. Housh,* 4 Kas. 536; Civil Code, § 543; *Dooley v. Norton,* 41 Cal. 439; *Cord v. Southwell,* 15 Wis. 211; *Schauble v. Tiejen,* 31 Wis. 695; *Hemphill v. Salladay,* 1 G. Greene [Iowa], 301; *Yaeger v. Circle,* 1 id. 438.) Under such an order the sheriff would be justified in treating the costs as his, and if a similar order were made in favor of a witness, referee, or other party, the sheriff might properly pay the costs as so taxed. As between the parties who appear and present their claims, the order may fairly be deemed an adjudication and final.

Now upon these facts we think the plaintiff ought to be estopped. It is not only familiar law but manifest justice that a man should not be vexed twice with the same litigation. Doubtless there are many exceptions to the letter of this rule, but wherever the exceptions have been recognized,

they have been based upon what seemed necessary for the full protection of the rights of the parties. But when a question has been once fully litigated, and every opportunity given to either party to present his case and to have any supposed errors in the lower corrected by review in the highest court, it would seem an abuse of the rights of a litigant to compel him to enter upon a second litigation of the same question. Take the case at bar: A motion is made to retax costs, made by the plaintiff; the sheriff is notified; the question heard and determined by the trial court. The case is brought to this court, as it may be, for review; the question is here reconsidered and determined. And yet after this is all over, the plaintiff claims the right to ignore everything that has been done, to call the sheriff a second time into court and repeat the same litigation through the trial and appellate courts, and all because the first litigation was carried on in the form of a motion, and the other in that of an action. It would seem as though there should be some substantial reason to justify this departure from the rule that a man is not to be twice vexed.

The only reason given is, as heretofore stated, that the one litigation was carried on by motion and the other by action. But why should not a decision upon a motion be as conclusive as that upon a trial? The reasons given are, that motions are often made in the hurry of a trial, and decided with comparatively little examination and consideration; that the decision cannot be taken up for review; and that they are tried upon affidavits, rather than oral testimony. None of these reasons exist in the case at bar. The motion was not made until after judgment. It could not have been regarded as in any sense interlocutory, or one whose subject-matter could thereafter be more carefully examined, but must have been considered as a final determination as to the rights of the sheriff. It could have been taken up for review to this court, and indeed time was given to make a case. (*Wooden v. Comm'rs of Allen Co.*, 22 Kas. 532.) The motion was heard, not upon affidavits,

but upon the same testimony as would have been received upon a trial. *Cessante ratione legis, cessat et ipsa lex.*

We think there is a growing disposition to enlarge the scope of the doctrine of *res adjudicata*, and to place more regard on the substance of the decision than on the form of the proceedings. One thing which indicates this is the increased facility of review in the appellate courts. It used to be the practice that no ruling of the trial court went up for review until after final judgment: any preliminary rulings, if erroneous, might up to that time be corrected by the trial court. Then it was assumed that a final examination in that tribunal had been had, and the whole record was ready to be transferred to the appellate court; and hence it was argued that no prior decision should be considered as final or as *res adjudicata*. But our present practice provides for taking immediately to the appellate court a vast number of rulings prior to the final judgment. Now that the decision of a motion can be preserved in a separate record and taken up by itself, presupposes a full and careful consideration in both the trial and the appellate courts; and when that is had, it would seem that the question thus separately and carefully considered should be finally disposed of, and not be thrown back for further litigation at the mere caprice of either party. Freeman, in the sections cited from his excellent work on Judgments, clearly recognizes and approves this tendency. We examined the question in the case of *Hoge v. Norton,* 22 Kas. 374, and reached the same conclusion. See also the authorities cited in that opinion, especially the case of *Dwight v. St. John,* 25 N. Y. 203. In the subsequent case of *Riggs v. Pursell,* 74 N. Y. 370, the court of appeals again noticed the matter, and placed some limitations which it is well to bear in mind. We quote from the opinion at length:

"We do not understand the rules applicable to judgments as estoppels to be applicable to their full extent to orders made on motions. Prior to the decision in *Dwight v. St. John,* 25 N. Y. 203, it was considered that a decision made upon a motion had no force as a former adjudication. (*Simson v. Hart,*

14 J. R. 63–76; *Van Rensselaer v. Sheriff of Albany*, 1 Cow. 501, 512; *Dickenson v. Gilliland*, 481, 495; *Smith v. Spalding*, 3 Rob. 615; *White v. Munroe*, 33 Barb. 650.) In *Dwight v. St. John*, in view of the provisions of the code giving the right of appeal from orders, a limited effect was given to them as adjudications, binding in case of a subsequent controversy; and it was there held that, in the case of an order affecting a substantial right, and appealable, where a full hearing had been had before a referee on a controverted question of fact, the decision of a point actually litigated before the referee, and upon the motion, was an adjudication binding upon the parties, and conclusive to that extent. An examination of the case shows that the effect of an order as an adjudication was thus expressly limited, and that it was not held in that case that the order was conclusive as to a fact which might have been litigated, but only as to one which actually had been litigated, and on which there had been a full hearing. Nor was the familiar right of a party to renew a motion upon a different state of facts, or by supplying defects in proof, in any manner questioned or impaired by that decision. (*In re Livingston*, 34 N. Y. 555, 575.) The application, which was re-heard at special term, was made upon petition, and was held to be a special proceeding in equity, not subject to the rules governing motions. Where additional facts are presented, or defects in proof supplied, it is quite usual to grant leave to renew a motion which has been denied, or to re-hear one which has been granted. '(*Smith v. Spalding*, 3 Rob. 615; *Belmont v. Erie R. R. Co.*, 52 Barb. 637, and authorities cited.)"

.Yet even with these limitations, the decisions on the motions in the case at bar must be held conclusive. The right of the sheriff to these costs was the very matter decided: it was so decided in a summary application after judgment: it could have been taken directly to this court for review. No new facts are suggested: all that is sought is simply a retrial of the one question. (Bigelow on Estoppel, 3d ed., p. 28; *Dooley v. Norton*, 41 Cal. 439; *McGindley v. Newton*, 75 Mo. 111.)

We are aware that this court has already held the decisions of certain motions not conclusive, such as motions to set aside sales, (*White-Crow v. White-Wing*, 3 Kas. 390; *Harrison v. Andrews*, 18 id. 535; *Halsey v. Van Vliet*, 27 id. 474;) mo-

tions to discharge property from seizure on attachment on the ground that it is exempt, (*Watson v. Jackson*, 24 Kas. 442;) as to which motions some at least of the considerations above suggested apply. As to them, we may remark that they date from an early period in the history of this court, and being but the settling of a rule of practice, ought not lightly to be disturbed. But outside of such motions and those of a kindred nature, we think that with the limitations suggested it is wiser to follow the indications of our statutes and the later decisions, and hold that a question once clearly and fully decided with right of special and separate review may be *res adjudicata*, even though such decision was only an order upon a motion.

The judgment will be affirmed.

All the Justices concurring.