O. W. Butt, *et al.*, v. William Herndon.

1. Reasons, etc., *No Part of Judgment*. The reasons announced by a justice of the peace, or the court, to sustain its judgment, strictly speaking, form no part of the judgment itself.

2. Appeal, *When Not*. A party cannot appeal from a general finding of a justice of the peace to the district court, where no final judgment is rendered.

*Error from Atchison District Court.*

On June 11, 1884, *William Herndon* filed his bill of particulars before a justice of the peace of Atchison county, claiming from Jacob M. Smith, A. J. Morris, and *O. W. Butt*, late partners as Smith, Morris & Butt, $60 for work and labor. The summons in the case was served upon Jacob M. Smith, June 11, 1884, the officer returning that he could not find A.

J. Morris and O. W. Butt in his county.    Garnishee summons was directed to A. S. Everest, who answered on June 16, 1884, that he was indebted to A. J. Morris and O. W. Butt in the sum of $130.    The justice directed the garnishee to hold the money in his hands until further orders.    On July 21, 1884, the plaintiff appeared in person and by J. T. Allensworth, his attorney, and the defendants A. J. Morris and O. W. Butt appeared by W. W. Guthrie.    Morris and Butt made a· motion to set aside the garnishment proceedings, which upon hearing was overruled.    Trial had September 22, 1884. Plaintiff appeared in person, as also plaintiff's attorney, and Jacob M. Smith also appeared in person.    Defendants Morris and Butt appeared by their attorney.    The justice, from the evidence in the case, decided that A. J. Morris and O. W. Butt were not indebted to the plaintiff; but found that Jacob M. Smith was indebted to the plaintiff in the sum of $60, for work and labor.    The judgment of the court was as follows:

"It is therefore considered and adjudged by me, R. B. Drury, justice of the peace, that the plaintiff, Wm. Herndon, do have and recover of and from defendant Jacob M. Smith the sum of sixty dollars, debt, and the costs of this action, taxed at $48.65."

From this judgment the plaintiff filed an appeal undertaking, which was approved by the justice on September 27, 1884. On May 4, 1885, Morris and Butt filed in the district court the following motion, (court and title omitted:)

"Defendants O. W. Butt and A. J. Morris, here appearing for this purpose, move the court to dismiss the appeal proceedings and action, as above entitled, as now in this court, for reasons:

"1. No right to appeal as against said Butt and Morris ever existed.

"2. No appeal bond has been filed as required.

"3. No foundation for any appeal bond has ever existed against said named defendants."

This motion, upon hearing, was overruled, Morris and Butt excepting.    Trial May 7, 1885, by the court without a jury. After hearing the evidence and argument thereon, the court

made and filed its conclusions of fact and of law, and ren-
dered judgment in favor of the plaintiff and against the defend-
ants O. W. Butt and A. J. Morris, as well as Jacob M. Smith,
for the sum of $60, together with all costs, and ordered execu-
tion to issue therefor.   Morris and Butt excepted, and bring the
case here.

*W. W. Guthrie,* for plaintiffs in error.

*J. T. Allensworth,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: When this case was called in the district
court for trial, the defendant moved to dismiss the appeal, on
the ground, among others, that there was no appealable judg-
ment rendered in the court below.   This motion was over-
ruled, and is the principal error complained of.   Section 120
of the justices act reads as follows:

"In all cases, not otherwise specially provided for by law,
either party may appeal from the final judgment of any jus-
tice of the peace to the district court of the county where the
judgment was rendered."

A judgment is the final determination of the rights of the
parties in an action.   (Civil Code, § 395.)   Accordingly, the
judgment must be final — that is, it must settle the matter
which it purports to conclude.   The reasons announced by the
court to sustain its judgment, strictly speaking, form no part
of the judgment itself.   The reasons or findings
upon which a judgment is based are not *res ad-*
*judicata,* so as to bind the parties, unless a judg-
ment is rendered.   (Freeman on Judgments, 2d ed., § 2; *Burke*
*v. Table Mountain Co.,* 12 Cal. 408; *Davidson v. Carroll,* 23
La. An. 108.)

1. Reasons, etc.,
no part of
judgment.

The justice made the following findings:

"The court doth find from the evidence, that defendants
A. J. Morris and O. W. Butt are not indebted unto plaintiff
in any sum whatever; and doth further find that defendant

Jacob M. Smith is indebted unto plaintiff in the sum of $60, and that the same is for work and labor."

The only judgment rendered in the case was as follows :

"It is therefore considered and adjudged by me, R. B. Drury, justice of the peace, that the plaintiff, William Herndon, do have and recover of and from defendant Jacob M. Smith the sum of $60, debt, and the costs of this action, taxed at $48.65."

The justice made a general finding in writing in favor of Morris and Butt, but no judgment was entered upon this finding in favor of Morris and Butt, or against Herndon. The matter was left by the justice pending and undetermined as to these parties. Generally, a written finding is made prior to the rendition of a judgment, but if a justice or a court orally announces its findings and renders judgment thereon, the omission of the finding is not substantial error. (*L. L. & G. Rld. Co. v. Comm'rs of Douglas Co.*, 18 Kas. 169.) If the action had been dismissed, or any other final judgment rendered against Herndon, an appeal could have been taken. (*Butcher v. Taylor*, 18 Kas. 558; *Moore v. Toennisson*, 28 id. 608.) As nothing but a finding was entered as between Herndon and Morris and Butt, and as no final judgment was rendered as between these parties, there was no foundation for the appeal. (Comp. Laws of 1879, ch. 81, § 20.)

2. Appeal, when not.

Undoubtedly the justice would have rendered a final judgment as to these parties, if the attorney of Herndon had made a formal request for him so to do. The omission perhaps was unintentional; but as no appeal can be taken except from a final judgment, the court erred upon the transcript before it in refusing to dismiss the alleged appeal, the unintentional omission of the justice to render judgment as between Herndon, *Morris* and *Butt* being fatal to an appeal.

The judgment of the district court will be reversed, and further proceedings will be had in accordance with the views herein expressed.

All the Justices concurring.