JOHN H. NIXON *et al.* v. ELIAS JOHNSON *et al.*

**No. 298.**

JUSTICE OF THE PEACE—*Jurisdiction on Change of Venue—Attachment*—A justice of the peace to whom a case is transferred by change of venue has no authority to set aside and reverse an order of the justice before whom the cause was originally pending, overruling a motion to dissolve an attachment.

Error from Cloud district court; F. W. STURGES, judge.   Opinion filed March 5, 1898.   Affirmed.

PLAINTIFF in error brought suit in the court below upon an undertaking in attachment given in a suit before F. M. Anderson, a justice of the peace, wherein Elias Johnson was plaintiff and J. H. Nixon *et al.* were defendants.

The court made findings of fact and conclusions of law, from which it appears that in the proceedings before Anderson an attachment was issued, and levied upon certain property of the defendant J. H. Nixon. On September 14, 1895, Nixon filed his motion before said justice to discharge the attachment. On September 17 this motion was overruled. On September 18, the return-day of the summons, the case was continued by consent to September 21. On ·September 19 the defendant Nixon filed a motion for a change of venue, which was granted, and the case was transferred to W. T. Ransdall, a justice of the peace of Elk township, on September 20, and set for trial before him on September 21, at ten o'clock A. M.   On September 20 the defendant Nixon filed with said Ransdall, justice of the peace, a motion for rehearing of the motion to dissolve the attachment, which had been overruled by Anderson.

On September 24 parties appeared, and plaintiff

filed his objection to the jurisdiction of the justice to review the action of Anderson in overruling said motion.   On·September 30 the motion for rehearing and the objections thereto were argued, the motion sustained, and a rehearing set for October 4.   On October 4, on the application of the plaintiff, another change of venue was taken, this time to Ira Ramsey, a justice of the peace of Lawrence township, and trial set for October 11.   On October 11 the case was again continued, to October 25, when the motion to discharge the attachment was sustained and the property ordered returned to the person from whom it was taken, and the case on its merits continued to December 5, when judgment was entered for plaintiff against the defendant for $190.85.   On March 6, 1896, this action was commenced on the attachment undertaking.   The court below held that the proceedings in rehearing the motion to dissolve the attachment were void, and rendered judgment for the defendants for costs.

*Theodore Laing*, and *C. W. Van De Mark*, for plaintiffs in error.

*L. J. Crans*, for defendant in error.

The opinion of the court was delivered by

Wells, J. :   The only question before us in this case is, Can a justice of the peace before whom an action of attachment is pending by change of venue inquire into the correctness and overrule the action of the justice before whom the cause was originally brought in sustaining the attachment therein made as against a motion to discharge it ?

The plaintiff in error refers to section 77, justices' code ; Black on Judgments, vol. I, § 308 ; *Butcher v.*

Nixon v. Johnson.

*Taylor,* 18 Kan. 558 ; *Sullivan v. Brown,* 47 id. 708, and *Carlyle v. Smith,* 36 id. 614, as tending to support his contention that the last justice had authority to rehear such a motion and sustain the same, although the former justice had overruled it upon its merits, but an examination of the authorities fails to satisfy us that such contention is correct.

In *Comm'rs of Wilson Co. v. McIntosh,* 30 Kan. 234, the supreme court says :

"The old rule that the decision made upon a motion is not *res adjudicata,* and does not prevent a reexamination of the question decided in the more regular form of a suit either in law or in equity, no longer obtains in its former strictness. Regard is now had less to the form of the proceeding and more to the substance and conditions of the decision.

" The interests of the individual as well as of the community demand that there should be a definitive end of every litigation, and nothing could be more impolitic than to leave it in the discretion of every court to revise and review and reconsider its judgments without limit." 1 Black, Judgm., § 306.

" Where a motion is duly made to dissolve an attachment on the two grounds alone, that the allegations in the affidavits therefor are false, and that the case is not one in which an attachment may issue, and upon a hearing the attachment is dissolved, it is *res adjudicata.*" (*Hoge v. Norton,* 22 Kan. 374.)

The doctrine of *res adjudicata* is not applicable to motions, except as to other applications on same facts for similar orders. (*Benz v. Hines and Tarr,* 3 Kan. 390.)

The judgment of the court below was correct and is affirmed.