BARNES *et al.* v. MANIS.

No. 1005.     Opinion Filed June 27, 1911.

(116 Pac. 816.)

**JUSTICES OF THE PEACE—Appeal—Dismissal.** Under the terms of section 6386, Compiled Laws of Oklahoma 1909, either party to an action before a justice of the peace may appeal from a final judgment, but, where a final judgment is not rendered in an action, an appeal does not lie, and, if taken, is properly dismissed.

(Syllabus by the Court.)

*Error from Kiowa County Court; J. W. Mansell, Judge.*

Action by W. M. Barnes and John E. Williams, co-partners

doing business as Barnes & Co., against I. G. Manis.  Verdict for defendant before a justice, and appeal by plaintiffs was dismissed in the county court, and they bring error.  Affirmed.

*John E. Williams,* for plaintiffs in error.

*O. B. Riegel,* for defendant in error.

DUNN, J.  This case presents error from the county court of Kiowa county, Snyder Division.  The action was originally filed by plaintiffs in error, as plaintiffs, against the defendant in error before a justice of the peace.  On a trial had therein the jury returned a verdict for the defendant, from which, without judgment being rendered, the plaintiffs sought to appeal by giving an appeal bond and having a transcript of the. proceedings regularly prepared and filed with the papers in the office of the clerk of the county court.  On the case coming on for trial, a motion was made and sustained dismissing the appeal for the reason that no formal judgment had been rendered by the justice of the peace.  From this action of the county court the case has been duly lodged in this court for review.

Section 6386, Compiled Laws of Oklahoma 1909, provides.

"In all cases not otherwise especially provided for by law, either party may appeal from final judgment of the justice of the peace to the county court of the county where the judgment was ·rendered."

The Supreme Court of neither the territory nor the state of Oklahoma seems to have passed on the question here presented, but the Supreme Court of Kansas has construed a similar provision of their statute in a number of cases, and it has therein been held, without dissent, that, in the absence of the rendition of a final judgment in the court of the justice of the peace, an appeal does not lie.  *Butcher v. Taylor et al.,* 18 Kan. 558; *Moore v. Toennisson,* 28 Kan. 608; *Healey v. Deepwater Clay Co.,* 48. Kan. 617, 29 Pac. 1088; *Butt et al. v. Herndon,* 36 Kan. 370, 13 Pac. 580.  In the case last cited—*Butt et al. v. Herndon*—Chief Justice Horton in discussing the same said:

"Undoubtedly the justice would have rendered a final judgment as to these parties, if the attorney of Herndon had made

a formal request for him to do so. The omission perhaps was unintentional; but, as no appeal can be taken except from a final judgment, the court erred upon the transcript before it in refusing to dismiss the alleged appeal, the unintentional omission of the justice to render judgment as between Herndon, Morris and Butt being fatal to an appeal."

The action of the county court is accordingly affirmed.

All the Justices concur.