## AWAD v. SHOUSE.

No. 1726.   Opinion Filed May 14, 1912.

(124 Pac. 26.)

1.   **JUSTICES OF THE PEACE**—Review of Decisions—Decisions Appealable—Final Judgment. In a justice of the peace court, the jury having returned a verdict in favor of A. against S., and S. having moved for a new trial, which was by the justice overruled, without formal judgment having been rendered on said verdict, S. in due time appealed to the county court, executing a bond in due form. The transcript having been properly lodged in the county court, it was objected that the appeal would not lie, on the ground that no final judgment had been rendered in said action. **Held,** an appeal would lie only from a final judgment.

2.   **SAME**—Appeal and Error—Amendment in Appellate Court. The entering of judgment on said verdict by the justice of the peace, being a ministerial act, at the seat of the county court, located without his justice precinct, it was permissible for such justice to enter in his docket the judgment on said verdict.

   (a)   It was also permissible for said justice at the seat of said county court to amend the transcript so as to show the rendition of judgment on said verdict.

   (b)   The transcript having been so amended, it had the effect, at least from that time, to confer jurisdiction on the county court over said action.

(c) Neither any objection having been made as to the trial proceeding on the ground that the party was entitled to further time on the ground of such amendment to prepare for trial, nor as to the old bond, **held** no error in the trial court in overruling the motion for a new trial.

(Syllabus by the Court.)

*Error from Ellis County Court;*
*A. E. Williams, Judge.*

Action by B. F. Shouse against M. A.. Awad. From a judgment of the county court reversing a judgment of the justice of the peace for defendant, he brings error. Affirmed.

*C. B. Leedy, D. W. Anderson,* and *W. A. Briggs,* for plaintiff in error.

*Frank E. Ransdell* and *L. E. Moyer,* for defendant in error.

WILLIAMS, J. This proceeding seeks to review the action of the lower court in a certain cause wherein B. F. Shouse, the defendant in error, was plaintiff, and M. A. Awad, the plaintiff in error, was defendant. The plaintiff sued in a justice of the peace court in replevin to recover the possession of two mules. After trial by jury, a verdict in due form was returned in favor of the defendant. A motion for new trial was overruled. No formal judgment was entered by the justice of the peace on said verdict. The plaintiff, by executing a bond as required by law, appealed to the county court; the transcript in due time being lodged in said court. In due time said cause was reached for trial in the county court. Under the issues as joined in the justice of the peace court, a jury was impaneled in the county court. The plaintiff was then sworn and examined as a witness. After he had been partially examined, the attorney for the defendant objected to the introduction of any evidence, for the reasons: (1) That the court was without jurisdiction to try said cause; (2) That no judgment was rendered in the justice of the peace court; and (3) that no judgment had ever been entered upon the verdict of the jury.

The verdict of the jury and when received; the judgment, specifying the items of cost included and the time when rendered;

the issuing of the execution, and orders to sell, when issued, and to whom the renewals thereof, if any, were made; the return, and when made—must be entered on the docket by the justice. Section 6459, Comp. Laws 1909; section 4835, St. Okla. 1893.

It is insisted by the plaintiff in error that no appeal can be prosecuted from a justice of the peace court on a verdict rendered by a jury impaneled therein, unless judgment be rendered on such verdict. This·contention has been decided by this court in favor of the plaintiff in error in *Barnes et al. v. Manis,* 29 Okla. 130, 116 Pac. 816.

The record recites that the justice of the peace before whom said cause had been tried "appeared in person in court and brought with him his docket, and in the courtroom wrote in his docket the following: 'In accordance with the findings of the jury, I award judgment for the defendant, that defendant have and recover from the plaintiff the possession of the property and the costs of this action. [Signed] J. H. Hubbard, J. P.' And thereafter wrote upon the transcript which had been filed in the court the following, to wit: 'Amend to agree with docket entries, in accordance with the findings of the jury, I award judgment for the defendant, that defendant have and recover from the plaintiff the possession of the property and the costs of this action. [Signed] J. H. Hubbard, J. P.' * * *'' The case then proceeded. The place where the county court was located was not within the bounds of the justice precinct of said justice of the peace. To the amending of the docket and the amending of the transcript exceptions were saved. The entering of judgment upon the verdict and the amending of the transcript at least had the effect from that time of vesting jurisdiction in the county court. No complaint was made that a new bond should have been made; the old bond having been permitted to stand without objection. We are not disposed to reach out to find a technical reason for striking down the judgment of a trial court. Besides, it is a matter of common knowledge that justices of the peace, as a rule, are not learned in the law and are more liable to commit mistakes or have defects in their records

MAY TERM, 1912.—Vol. XXXIII. · 59

Lawton P. B. & Tile Co. et al. v. Ross-Kellar T. P. B. Mach. Co. et al.

than courts of record, and appellate courts should, especially in such matters, adopt a liberal construction to sustain their proceedings. There is evidence in the record reasonably tending to support the verdict. Such being the case, it has time and again been held by this court that on review here the same will not be disturbed.

The plaintiff in error insists that the court erred in refusing to give a certain instruction requested by him. Rule 25 (20 Okla. xii, 95 Pac. viii), of this court provides:

"Where a party complains of instructions given or refused, he shall set out *in totidem verbis* in his brief separately the portions to which he objects or may save exceptions."

This court has time and again held that, as to the giving or refusing of instructions, an assignment of error would not be considered unless this rule had been complied with. *Lynn et al. v. Jackson,* 26 Okla. 852, 110 Pac. 727; *Holmes v. Evans,* 29 Okla. 373, 118 Pac. 144; *Terrapin v. Barker,* 26 Okla. 93, 109 Pac. 931; *Ward v. Richards,* 28 Okla. 629, 115 Pac. 791.

It follows that the judgment of the lower court must be affirmed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.