Boston v. Wright.

---

ANDREW J. BOSTON v. T. S. WRIGHT.

*Error from Brown County.*

Neither the affidavit for, nor the order of attachment, are embraced in, nor are they pleadings, which admit of an answer.

In an action in the District Court brought by plaintiff in error B. against one McG. in which lands claimed by defendant in error, W., were attached as the property of McG., *Held* that an order of the court admitting W. as a party defendant, who set up his claim to the land and obtained a verdict, was error, and not authorized by section 47 of the Civil Code.

The object of an attachment is to secure a fund to be applied in satisfaction of the judgment of plaintiff. In case of failure to obtain one, the attachment fails. Dissolution of attachment does not defeat the action; the attachment is simply auxiliary to the action.

The facts sufficiently appear in the opinion of the court.

*W. W. Guthrie* argued the case for plaintiff, and *John Martin* for defendant in error.

*Guthrie* submitted :

1st.   Attachment is a provisional remedy merely.  Wright could not come in to defend in the case stated in the petition.  *Note* 3, *Seney's Code, p.* 66.

2d.   The answer of Wright below, is no answer in the cause.   The proceeding was not the legal mode of dissolving the attachment.

3d.   There was no foundation for the verdict ; the motion for a new trial should have been therefore granted. *Seney's Ohio Code*, 120, *n.* 1.

*Martin*, for defendant in error, submitted :

1st.   The action is a proceeding *in rem ;* the owner of the real estate attached was a proper party.   *Civil Code, secs.* 42, 48.

The rights of the parties could be tried in this proceeding without prejudice to the rights of any party.

2d.   The attachment would reach only the interest of defendant McGuire, in the land at the time of the levy. If he had none, no one could be prejudiced by a verdict in Wright's favor, for the attachment would be no lien upon the land. 1 *Ohio*, 257; 18 *Id.*, 568; 13 *Id.*, 322; 3 *Id.*, 527; 1 *Ohio S.*, 112; 5 *Id.*, 211; 2 *Story Eq.*, sec. 977; 1 *Maddox Ch.*, *P.*, 363, 364, (4 *Am. ed.*); 1 *Hil.*, *Vend.*, 4, sec. 13, note "*a*"; 2 *Id.*, 252; 1 *Hilliard on Real Prop.*, 312, *sec.* 10.

3d.   The issue raised by the pleadings is as to the sale of the premises to Wright by McGuire.   The answer sets up certain facts relating thereto, and the reply of Boston denies them.   On the issue under the evidence, the verdict was proper.

*By the Court,* SAFFORD, J.

This was a suit in attachment brought by Andrew J. Boston against James A. McGuire, in the District Court of Brown county. Upon the attachment issued in the cause, certain real estate was seized as the property of defendant McGuire. Notices of garnishment were served upon parties alleged to be indebted to McGuire, and service by publication was duly made upon him. No answer or other pleading was filed by McGuire. At a term of the District Court subsequent to that at which the suit was brought, T. S. Wright moved the court to dissolve the attachment, which was overruled. Wright then applied to be made a party defendant in the cause, on the ground that he was the owner of the real estate seized under the attachment. The court ordered him to be made such defendant, and allowed him thirty days to file his answer. To this order of the court making Wright a co-defendant, the plaintiff at the time excepted. Wright afterwards filed his answer setting up title in himself to the land, to which answer plaintiff filed a reply. Upon the issues thus joined between Boston and Wright, this cause came on for trial at the April term of said court, 1864. A jury was impanneled who found a verdict in favor of Wright. Judgment rendered accordingly. Plaintiff moved the court for a new trial, on the ground that the court erred in ordering Wright to be made a party. Other grounds of error were alleged, but the view we take of the case renders it unnecessary to notice them.

The motion for a new trial was overruled, and the plaintiff brings the case here for review.

Did the court err in ordering T. S. Wright to be made a co-defendant?

Under the practice well settled in such cases, neither the affidavit for an order of attachment nor the order of attachment itself, are pleadings which admit of an answer,

and they constitute no proper part of, nor should they be regarded as embraced in the pleadings in the action. "The attachment is a special proceeding auxiliary to the action, but so independent of it, that an order in the attachment proceeding, may when final, be the subject of a petition in error, during the pendency of the action." The object of the attachment is to secure a fund to be applied in satisfaction of the claims of a plaintiff in an action, provided he shall be able to substantiate and make good such claim. If he fails to sustain his cause of action, his attachment fails with it, but if his attachment is dissolved, this alone will not necessarily defeat his action. Such being the fact, how can it be said that, because a third party claims an interest in the property attached, he should be made a party defendant in the action to which the proceeding in attachment is only auxiliary?

It is true that as a matter of fact in the case at bar, Wright may have been the owner of the real estate attached, but it seems to us that neither justice nor convenience allows that he should be permitted to arrest such right by an intervention in the action of Boston, and by resisting his efforts to establish a claim against defendant McGuire. But we are referred to section 47 of the Code, as giving authority for this proceeding on the part of the court below. That section reads as follows:

"The court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others, or by saving their rights, but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

The controversy between parties in an action is determined by the pleadings, of which, as we have before seen, attachment proceedings constitute no part. And with that controversy in the present case, as between Boston and McGuire, no one will say that Wright had or could have

anything to do. Indeed, his answer shows that he had no interest whatever in it. If these views be correct, the section referred to gives no authority for making Wright a party defendant in this cause. We think that the court erred in making the order, and that the error was such as would prejudice the substantial rights of the plaintiff. The court should have granted the motion for a new trial.

Judgment reversed, and the case remanded with instructions to the court below to grant a new trial, and to overrule the motion of T. S. Wright to be made a party defendant.

All the justices concurring.