Gates v. Sanders.

JOHN C. GATES, *et al.*, v. CHARLES SANDERS.

1. JUSTICES COURT; *Appeals; Order of Attachment.* Where A. sues B. before a justice of the peace, and at the same time obtains an order of attachment, and thereafter the order of attachment is discharged by the justice, but judgment rendered on the claim in favor of A., and A. intending to appeal files an ordinary appeal bond, reciting the judgment, but neither reciting nor referring to the attachment, or its discharge, the proceedings on the attachment are not taken up to the district court for re-examination or review, but were ended by the decision of the justice.

2. AMENDMENT; *Refusal; Appeal Bond.* While the district court may permit the amendment of an appeal bond insufficient in form or amount, it may also in the exercise of a sound discretion refuse to permit any amendment.

*Error from Saline District Court.*

GATES and another as plaintiffs had judgment against *Sanders* in a justices court, and appealed from such judgment in their own favor. An order of attachment issued when the suit was brought had been discharged, and the question here is, as to the effect of the appeal upon the attachment proceedings. The district court, at the October Term 1873, held that the appeal did not bring up the order discharging the attachment; and the plaintiffs bring the case to this court for review.

*John Foster,* for plaintiffs in error:

1. The judgment of the justice discharging the attachment was such a final judgment as is appealable under § 120 of the justices act. (18 N. Y., 484; 7 Wall., 342; 8 Kas., 498; 5 Kas., 202; 24 Mo., 125; 23 Cal., 136; 15 Wis., 272; Powell on Appellate Proc., ch. 9, § 16.) The appeal brings the whole cause to the district court, and opens up the whole merits of it, and it is tried *de novo;* § 7, Laws 1870, p. 184; 3 Ohio, 274; 14 Ohio, 437.

2. If there was any defect in the appeal bond, the application to amend should have been allowed; §§ 139, 140, civil code; 11 Ohio St., 398; justices act, § 131.

3. The judgment of district court specifies interest at 10 per cent., and is a larger judgment than that of the justice; and it was error to render judgment against plaintiffs for costs of appeal. Gen. Stat., ch. 52, § 6; justices act, § 128.

*T. F. Garver,* for defendant in error:

1. We take it that it is too fundamental to need argument, that an appeal taken from the final judgment of the justice does not remove attachment proceedings in such action to the district court, and that the naked order of the justice, discharging an attachment, without any judgment for the costs of attachment proceedings, is not a final judgment from which an appeal can be taken to the district court. The district court sustained the first of these propositions, and there was no error in its decision.

2. Nor did the district court err in refusing to allow the appeal bond to be amended, and in refusing to admit testimony to show what the plaintiffs had *intended* to do, and that through accident and mistake they got into court as they did. It does not matter what were their intentions, accidents, and mistakes. The fact is, the appeal was simply from the final judgment in the action, and did not pretend to be anything else, and nothing more could be included without there being in effect a new appeal.

3. The plaintiffs had full and adequate remedy by proceeding in error from the decision of the justice on the attachment, and that was their only remedy. Failing to pursue such remedy, they lost their right to have the order reviewed.

4. The judgment for costs of appeal against plaintiffs was proper, for in both courts they obtained judgment for the full amount of their claim, with interest as asked for.

The opinion of the court was delivered by

BREWER, J.: Plaintiffs in error commenced an action against defendant in error before a justice of the peace, and at the same time sued out an order of attachment. There-

after, upon motion of the defendant and hearing, as provided for in § 53 of the justices act, the order of attachment was discharged by the justice, but a judgment was rendered in favor of the plaintiffs for the amount of their claim. From this judgment they appealed, and filed an ordinary appeal bond, reciting the judgment, etc., but making no mention of or reference to the attachment or its discharge. On the trial in the district court they obtained a judgment, as before the justice, for the amount of their claim, and then asked for an order of sale of the attached property. This was refused. They then asked leave to amend the appeal bond, so as to show that they appealed from the order discharging the attachment. This also was refused, and they were taxed with the costs of the appeal. Upon these facts two questions arise: First, Did the appeal from the judgment bring up for review, or retrial, the proceedings in attachment? Second, If not, ought the district court to have allowed an amendment of the appeal bond? Both of these we think must be answered in the negative. The attachment is but an ancillary proceeding, and may stand or fail without affecting the progress of the suit. The judgment is rendered for or against the plaintiff, and upon the sufficiency of his cause of action, without reference to the disposition of the attachment. *Boston v. Wright*, 3 Kas., 230. It was of the *judgment* the plaintiffs complained in their appeal bond, and that only which they sought to change. If they sought a review of the attachment proceedings, something more than an appeal from the judgment on the merits of the case was necessary.

1. Appeals from justice. Order of attachment.

While the district court has ample power to permit an amendment of the appeal bond, when insufficient in form or amount, (Justices Act, § 131,) yet an amendment is not a matter of right, upon which in all cases of insufficiency a party may insist. The court must exercise a sound discretion in deciding whether, under the circumstances of the particular case, the party should be allowed to amend. In this case we cannot from anything before us see

2. Amendments. Appeal bond.

that the court improperly refused the application for leave to amend. The attachment had been discharged by the justice. For aught that appears the property attached had been returned to the defendant, and by him wholly disposed of. No notice had been given of an intention to retry the question of the attachment. It might be that if the attachment was brought up for retrial, and sustained, an unpleasant question would arise as to the responsibility of the constable for not having the goods in his possession. It is useless, however, to speculate. It is enough that the record fails to show that the court abused its discretion. The costs of the appeal were properly taxed to the appellant. (Justices Act, § 128.)

The judgment will be affirmed.

It is understood that the same questions arise in the case of Eames, Crampton & Eberle against this defendant in error, and the same judgment will be entered in that case.

All the Justices concurring.