All the Justices concurring.

---

### St. Joseph & D. C. Rld. Co. v. Thomas Casey.

1. ATTACHMENT; *Discharged by Defendant's Appeal.* Where a case in a justice's court, in which an attachment has been issued and levied upon property of the defendant, is taken by the defendant on appeal to the district court, the attachment is thereby discharged, and the attached property should be delivered to the defendant.

2. ———— *Motion to Discharge Attachment; Effect of Appeal.* In such a case, where a motion which had previously been made in the justice's court to discharge the attachment, and there overruled, was "called up" by the defendant in the district court, and affidavits offered to be read in support thereof, *held*, that such motion could not rightfully be entertained by the district court, and therefore that the district court did not err in refusing to permit the affidavits to be read and in overruling the motion.

3. ———— *Costs on Attachment.* And in such a case, although a motion might properly have been made in the district court to tax the costs made on the attachment against the plaintiff, because the attachment was wrongfully obtained, yet, said motion "to discharge the attachment" could not be considered merely a motion to tax the costs of the attachment, and especially not as the motion was "called up" before the trial in the district court was commenced.

*Error from Doniphan District Court.*

THE only questions here, are questions of practice, and the facts and proceedings necessary to a proper understanding of the case are stated in the opinion. *Casey*, as plaintiff, had judgment, at the June Term 1874, for $112.20, and costs, and the *Railroad Company* brings the case here on error.

*John Doniphan*, for plaintiff in error.

*Nathan Price*, and *W. D. Webb*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was originally commenced by Thomas Casey against the St. Joseph & Denver City Railroad Company before a justice of the peace. An attachment was issued in the case. From the record we learn that on the day set for trial the "Case was called, and parties appeared, and the defendant by its attorneys Messrs. Hawkins & Baldwin filed affidavit and motion to discharge the attachment issued in this case—motion was argued by counsel, and thereupon the said motion was overruled by the court upon the ground that plaintiff did not (in the opinion of the court) have reasonable notice of the filing of the same, as the law contemplates." Now suppose that reasonable notice of said motion was in fact given, and still there is nothing to show that the motion should have been sustained. What did the motion or the affidavit contain? And whose affidavit was it? Was it the affidavit of Casey, Hawkins, Baldwin, or some one else? The justice of the peace rendered judgment in

1. Attachment; appeal by defendant. favor of Casey, and against the railroad company for $200.55 and costs, and ordered that the attached property be sold to satisfy said judgment. The railroad company then appealed to the district court. We suppose the appeal bond was an ordinary appeal bond, but we cannot tell, as no copy of the same is given in the record. What then became of the attached property? The record does not show, but we would infer from the briefs of counsel

33—14 KAS.

that it was delivered by the officer to the railroad company. This we think was right. Section 52 of the justices act provides that—

"If the defendant, or other person *in* his behalf, at any time before judgment, cause an undertaking to be executed to the plaintiff by one or more sureties, resident in the county, to be approved by the *justice,* in double the amount of the plaintiff's claim, *to be* stated in his affidavit, to the effect that the defendant shall perform the judgment of the *justice,* the attachment in such action shall be discharged, and restitution made of any property taken under it, or the proceeds thereof. Such undertaking shall also discharge the liability of a garnishee in such action, for any property of the defendant in his hands." (Gen. Stat., 787.)

Section 213 of the civil code is precisely like the foregoing section of the justices act, except the words which we have put in italics are changed as follows: "in" is changed to "on;" "justice" is changed in two places to "court;" and "to be" is changed to "as." The appeal bond, where the defendant appeals, is in spirit substantially the same as the bond mentioned in the foregoing sections. Section 121 of the justices act provides that—

"The party appealing shall, within ten days from rendition of the judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned, *first,* that the appellant will prosecute his appeal to effect, and without unnecessary delay; *second,* that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs. Such undertaking need not be signed by the appellant." (Gen. Stat., 800.)

Now as the defendant who appeals gives ample security for the prosecution of his appeal to effect, and for the payment of any judgment that may be rendered against him, it would seem to be hardly necessary that the attachment should continue any longer in force. And as no provision is made by law for the officer who holds the attached property at the time the appeal is taken to turn the property over to some officer of the district court, it would hardly seem that it was

intended that the district court should take charge of the attached property. And it can hardly be supposed that after all the proceedings of the justice's court are taken by appeal to the district court, that any officer of the justice's court will continue to have possession and control of the attached property. And the appeal bond in spirit and substance certainly answers all the requirements of § 52 of the justices act, and § 213 of the civil code.

It has been held in this court that where a justice has discharged the attachment, and the *plaintiff* has appealed by filing an ordinary appeal bond, the attachment is not thereby taken to the district court: (*Gates v. Sanders*, 13 Kas., 411.) The proceedings of the district court with regard to the attachment issued in this case will appear from the following quotations from the record brought this court:

"Be it remembered, that on the call of the above (case) action for trial, defendant called up the motion to discharge attachment made in the court below, and read the said motion and affidavit of H. C. Hawkins as follows:" [*Here follows motion and affidavit of Hawkins.*] "No motion was made in this court to discharge attachment. The defendant then read the following notice of filing counter-affidavits;" [*Here follows notice;*] "and tendered and offered to read the affidavits of L. D. Suthill and E. H. Saville filed in said action in this court, which affidavits are in the following words:" [*Here follow affidavits of Suthill and Saville.*] "But the court refused to hear the affidavits; read and overruled the motion, which order is in the following words and figures:

"(*Title, &c.*) The motion of said defendant to discharge attachment in this case being argued by counsel, the court upon due consideration overruled said motion, to which defendant duly excepted. To all of said rulings of the court, in refusing to hear the affidavits read, to discharge, and in disallowing said motion, the defendant then and there duly excepted."

The parties then proceeded with the trial, and the court at the close of the trial rendered judgment in the following words, to-wit:

"It is therefore considered, ordered and adjudged by the court here, that the said plaintiff have and recover of and

from the said defendant the said sum of $112.20, and interest as aforesaid, and also his costs in and about this suit expended, taxed at $——, and that execution issue therefor. To all of which the defendant then and there excepted."

It is not stated in the record why the district court refused to hear said affidavits read, nor why the court overruled said motion to discharge said attachment. But we would infer from the briefs of counsel, that the same was so done because the court considered the attachment discharged by the appeal bond. If this was the view of the court below, we think the court below was right. When the railroad company gave the appeal bond we think the company became entitled to the immediate custody of the attached property, and we presume from the briefs of counsel that it immediately obtained such custody. The district court did not make any order with reference to said attached property. This we think was right.

2. Effect of appeal by defendant on motion to discharge attachment.

But it is claimed by the railroad company that the attachment was wrongfully obtained; that costs accrued thereon, and that judgment has been wrongfully rendered against the company for such costs. This in fact is the only ruling of the court below of which the plaintiff now complains as substantial error. Now, in our opinion the entire judgment of the justice of the peace was wholly vacated by the appeal, and trial and judgment in the district court. The attachment was also discharged by the appeal. The question of damages for the wrongful suing out of the attachment cannot be heard in this case. And hence the question of who shall pay the costs which have accrued on the attachment, is the only question left having any connection with the attachment proceedings which could have been heard by the district court in this case. And this question we think should have been submitted to the district court, if any ruling were desired upon the question. Nothing that transpired either in the justice's court or the district court would have precluded the defendant from submitting the question to the district court. But the defendant did not

3. Costs on attachment.

submit the question to that court in any proper mode. A motion made in the justice's court to discharge the attachment, and "called up" in the district court, where no such motion could rightfully be entertained, can hardly be construed to be a motion made in the district court to tax costs; and especially not as the motion was "called up" in the district court before the trial in that court was commenced. And although the court below rendered judgment against the defendant for the costs of the plaintiff in general, yet it does not seem that any costs—those on the attachment, or others —have ever yet been taxed. Except for the affidavits of Hawkins, Suthill and Saville, it would appear from the record that the costs of the attachment should be taxed against the defendant below. And as these affidavits were merely read, or offered to be read on a motion which the district court could not rightfully entertain, we think the affidavits can hardly be considered as in the case. If the defendant had offered to read them upon a motion to tax the costs of the attachment against the plaintiff, the plaintiff would probably have opposed them with counter affidavits.

The judgment will be affirmed.

All the Justices concurring.