## N. B. BROWN & CO. v. WALTER G. TUPPENY.

APPEAL BOND; *Review; Garnishee.* Where an appeal is taken by the plaintiff from the final judgment of a justice of the peace in a civil action, and an ordinary appeal bond is filed, such appeal does not bring up for review or re-trial in the district court the proceedings against a garnishee summoned in the case at the instance of the plaintiff, where the garnishee has been discharged from all liability before the appeal by the justice upon the rendition of the judgment in favor of the defendant.

### Error from Cloud District Court.

AT the October Term, 1879, of the district court, in the case of *Tuppeny* against Hill, judgment was rendered for the plaintiff and against the defendant, and an order was entered requiring *Brown & Co.* as garnishees to pay into court $90 for the use of Tuppeny. *Brown & Co.* bring the case here. The facts sufficiently appear in the opinion.

*S. D. Houston* and *Jno. W. Sheafor*, for plaintiffs in error.

*L. J. Crans*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 21st day of December, 1878, plaintiffs in error were summoned as garnishees in an action then pending before J. M. Hagaman, a justice of the peace of

Cloud county, wherein Walter G. Tuppeny was plaintiff and James Hill was defendant. On the 30th day of December, 1878, N. B. Brown, one of the plaintiffs in error, appeared before the justice and answered as garnishee as follows: "James Hill, defendant, deposited with us a draft for collection of $126.18, upon which we paid Mr. Hill $26.18. This draft was deposited before the service of the garnishee summons upon us. We suppose the draft will be paid, and if paid, we will owe defendant $100, less $10 paid to S. D. Houston, Jr., upon an order drawn by James Hill before service of garnishee summons." The trial was had between Tuppeny and Hill on the same day, and instead of Tuppeny recovering anything upon his account, judgment was rendered in favor of Hill for $17 and costs, and thereupon these plaintiffs in error were discharged as garnishees from all liability. On January 7th, 1879, Tuppeny filed an ordinary appeal bond, which was duly approved and filed. At the October term for 1879, the case of Tuppeny against Hill on appeal was tried in the district court. Judgment was rendered in favor of Tuppeny for $104.45, and costs taxed at $89.80. At the same term of court an order was entered requiring N. B. Brown & Co. as garnishees to pay into court, for the use of the plaintiff Walter G. Tuppeny, $90. This order was erroneous. No mention or reference was made in the appeal bond to the order discharging the garnishees. The proceedings in the garnishment were not taken up to the district court, the appeal being simply from the final judgment in the action. In the district court no notice was given to plaintiffs in error of any proceedings pending against them, nor were they required to answer in court, nor did they file any answer. From the record, it seems a motion was made for them to deposit in the court the draft belonging to James Hill, and without any pleadings being filed, the order requiring them to pay the $90 was made. Within the principle announced in *Gates v. Sanders*, 13 Kas. 411, the order and judgment of the district court must be reversed. As there was no foundation for the order and judgment against the plaintiffs in error in the district

court, the error of the court is apparent in the record, and no exception was necessary to bring the case before us for review. (*Dexter v. Cochran,* 17 Kas. 447; *Koehler v. Ball,* 2 Kas. 160.)

As the order in the trial court was made at the instance of the defendant in error, without the plaintiffs in error being parties to the action pending before the court by any ancillary or other proceeding, the action here is properly prosecuted by the plaintiffs in error against the defendant in error. There is no defect of parties.

Order and judgment reversed.

All the Justices concurring.