## ROLL, THAYER, WILLIAMS & CO. v. J. H. MURRAY.

ATTACHMENT BEFORE JUSTICE; *Order not Appealable.* In an action before a justice of the peace an attachment was discharged, and afterward a judgment was rendered in favor of the plaintiff and against the defendant upon the merits, and afterward the plaintiff filed an appeal bond attempting to take an appeal both from the judgment of the justice upon the merits, and from the order of the justice discharging the attachment; and the appeal bond was sufficient for both purposes, if an appeal from an order of a justice of the peace discharging an attachment is allowable under the statutes. In the district court that portion of the appeal which had for its object the giving to the district court power to review and retry the attachment proceedings instituted before the justice of the peace was dismissed. *Held,* Not error; that an order of a justice of the peace discharging an attachment is not appealable.

### Error from Jefferson District Court.

AT the February Term, 1885, of the district court, the defendant *Murray* moved to dismiss that part of the plaintiff's appeal which had for its object the review of the order of the justice of the peace dissolving the attachment, which motion the court sustained. This ruling the plaintiffs bring here for review.

*Jackson & Royse,* for plaintiffs in error.

*Louis A. Myers, Henry Keeler,* and *Mills & Wells,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Henry E. Roll, Norton Thayer, Thomas R. Williams and J. B. Welsh, partners as Roll, Thayer, Williams & Co., before a justice of the peace of Jefferson county, to recover $265.89 from J. H. Murray. At the time of the commencement of the action, an order of attachment was obtained, which was afterward levied upon certain property of the defendant. Afterward, and upon the motion of the defendant, the attachment was dissolved. The case then came on for hearing upon its merits, and judgment was rendered in favor of the plaintiffs and against the defendant for $126.55. Afterward, and within proper time, the plaintiffs filed an appeal bond, attempting to take an appeal both from the judgment of the justice upon the merits and from the order of the justice discharging the attachment; and the appeal bond was sufficient for both these purposes, if an appeal from an order of a justice of the peace discharging an attachment is allowable under the statutes. The case was then removed to the district court, and afterward the defendant moved to dismiss that portion of the appeal which had for its object the review of the order of the justice of the peace dissolving the attachment, which motion was sustained by the district court. The case was then tried upon its merits by the court, without a jury, and judgment was rendered in favor of the plaintiffs and against the defendant for $262.09 and costs; and the plaintiffs now bring the case to this court for review.

The only question presented by the plaintiffs in error to this court is whether the district court erred, or not, in dismissing that portion of the plaintiffs' appeal which had for its object the giving to the district court pow r to review and retry the attachment proceedings instituted before the justice of the peace.

The statutes with reference to appeals, so far as it is necessary to quote them, read as follows:

"SEC. 120. In all cases, not otherwise specially provided

for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered.

"SEC. 121. The party appealing shall, within ten days from rendition of the judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned," etc. (Justices Code, §§ 120, 121.)

It will be seen that an appeal can be taken only from a "final judgment," and the appeal can be taken only after the "judgment" has been rendered, and only within ten days after the "judgment" has been rendered, and the amount of the appeal bond must not in any case be "less than double the amount of the *judgment* and costs." And when the case is taken to the district court on appeal, it "shall be tried *de novo* in the district court upon the original papers on which the case was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made or new pleadings to be filed." (Justices Code, § 122.) There is no provision in the statutes for taking an appeal from the

*Order, when not appealable.* order of a justice of the peace in any provisional remedy or in any ancillary proceeding, and no provision anywhere for retrying in the district court upon an appeal from a justice of the peace, any question that pertains only to some provisional remedy, or to some ancillary proceeding. The appeal is from a final judgment only, and from a judgment on the merits only, and the trial afterward to be had on the appeal is only upon the merits. It has already been decided by this court that an ordinary appeal bond, given by the plaintiff after a judgment has been rendered by a justice of the peace, will not carry to the district court attachment proceedings instituted in the justice's court, where the justice has discharged the attachment, (*Gates v. Sanders*, 13 Kas. 411,) nor garnishment proceedings in like cases, (*Brown v. Tuppeny*, 24 Kas. 29,) nor attachment proceedings in like cases where the appeal is attempted to be taken before any judgment is rendered upon the merits of the case, the dissolution of the

attachment not being considered as a "final judgment,"
(*Butcher v. Taylor*, 18 Kas. 558,) and an appeal by the de-
fendant from the final judgment of a justice of the peace will
not carry attachment proceedings in the case to the district
court, but will discharge the attachment. (*St. J. & D. C. Rld.
Co. v. Casey*, 14 Kas. 504.)

Counsel for plaintiffs in error do not ask us to overrule any
of the foregoing cases; hence we suppose they admit that an
ordinary appeal bond will not carry proceedings in attachment
from a justice of the peace to the district court, nor will an
appeal bond given expressly for such a purpose do so where
no final judgment has yet been rendered by the justice of the
peace upon the merits of the case.   But their claim is that an
appeal bond, executed after the attachment has been dissolved
and after the final judgment has been rendered upon the merits
of the case, and within ten days after the rendition of such
final judgment, and executed for the express purpose of appeal-
ing from both the order discharging the attachment and the
final judgment, will carry both the case upon its merits and
the attachment proceedings to the district court, where both
can again be heard and determined.   But suppose the attach-
ment was dissolved more than ten days or more than fifty
days before the final judgment was rendered : then would it
be claimed that it could be taken to the district court on an
appeal along with the case on its merits when it could not be
taken separately or by an ordinary appeal bond?   In our
opinion, attachment proceedings cannot be taken to the district
court at all on appeal; and it therefore follows that the order
and judgment of the district court are correct, and the same
will be affirmed.

All the Justices concurring.