JOHN BECKER v. W. M. STEELE *et al.*

1. APPEAL; *Attachment Proceedings not Carried to District Court.* In an action before a justice of the peace, in which an attachment had issued, a motion was made by the defendant to discharge the attachment, which was overruled. Afterward a judgment was rendered in the action in favor of the defendant and against the plaintiff upon the merits; in the judgment, the attached property was ordered to be returned to the defendant; within ten days from the rendition of

Becker v. Steele.

the final judgment the plaintiff appealed to the district court—filing an ordinary appeal bond. *Held,* That the appeal of the plaintiff did not transfer or carry the attachment proceedings to the district court, so as to authorize the constable, after the rendition by the justice of the peace of the judgment for the defendant and for the return of the property, to continue to hold the possession of the attached property.

2. ATTACHMENT—*Practice.* No provision is made by the statute for a constable who holds attached property—under an order of attachment issued by a justice of the peace—to turn the same over to some officer of the district court, pending an appeal to that court from the final judgment of the justice of the peace upon the merits.

*Error from Norton District Court.*

REPLEVIN by *Steele & Walker* against *Becker,* constable. Judgment for plaintiffs, at the September term, 1887. The defendant brings the case here. The opinion states the facts.

*F. M. Jeffrey,* and *S. D. Decker,* for plaintiff in error.
*J. R. Hamilton,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: The Exchange Bank of Lenora commenced an action against A. C. Lappin before a justice of the peace, and obtained an order of attachment, which was levied upon the property in controversy by the constable, John Becker; before the trial a motion was filed by the defendant to discharge the attachment, upon the ground that the facts alleged in the affidavit for the attachment were untrue; upon the hearing of the motion it was overruled, the justice deciding that the attachment was valid. Subsequently the action was tried before the justice, and judgment rendered in favor of the defendant and against the plaintiff, upon the ground that it was prematurely brought; the judgment also directed that the attached property be returned. The Exchange Bank gave notice that it would appeal from the judgment of the justice to the district court, and within the ten days allowed by law perfected its appeal, filing an ordinary appeal bond, reciting the judgment, etc.

The case was tried in the district court, and the Exchange Bank recovered against the defendant $300, the amount sued for.

After the justice of the peace had rendered judgment against the plaintiff, the constable continued to hold possession of the property under the attachment proceedings. After the attachment had been levied by the constable, A. C. Lappin executed a chattel mortgage thereon to W. M. Steele and J. W. Walker, partners as Steele & Walker, which mortgage was duly filed in the office of the register of deeds. After judgment was rendered by the justice of the peace, Messrs. Steele & Walker demanded the property of the constable, and, their demand not being complied with, commenced an action against the constable to recover possession of the property. Upon the trial, the district court decided that the constable had no right to the possession of the property, for the reason that the Exchange Bank failed to recover judgment upon its claim before the justice of the peace.

The sole question for decision in this case is, did the appeal of the Exchange Bank from the judgment of the justice of the peace transfer or carry the attachment proceedings to the district court, so as to authorize the constable to retain the possession of the attached property pending the appeal? Under the decisions of this court, already pronounced, the question must be answered in the negative.

In *Butcher v. Taylor*, 18 Kas. 558, the justice, before the trial, discharged the attachment; afterward a trial was had upon the merits of the action, which resulted in favor of the plaintiff; the plaintiff then took an appeal to the district court from the decision of the justice on the attachment proceedings, but not from the judgment of the justice on the merits of the action; and it was held that no appeal would lie from the order discharging the attachment.

In *Gates v. Sanders*, 13 Kas. 411, the order of attachment was discharged by the justice, but a judgment was rendered in favor of the plaintiffs for the amount of their claim. From this judgment they appealed, and filed an ordinary appeal bond,

reciting the judgment, etc., but making no mention of or reference to the attachment or its discharge. This court decided that the appeal did not take up to the district court for reëxamination or review the proceedings on attachment in that case, but that they were ended by the decision of the justice. In the opinion, delivered by Mr. Justice BREWER, it was said:

"The attachment is but an ancillary proceeding, and may stand or fall without affecting the progress of the suit. The judgment is rendered for or against the plaintiff and upon the sufficiency of his cause of action, without reference to the disposition of the attachment."

In *Railroad Co. v. Casey*, 14 Kas. 504, an attachment was issued and judgment rendered in favor of the plaintiff against the defendant. The judgment also ordered that the attached property be sold to satisfy the same. The defendant appealed to the district court, presumably filing an ordinary appeal bond. The court in that case held that as the defendant, who appealed, gave ample security for the prosecution of his appeal and for the payment of the judgment, the attachment was thereby discharged. Mr. Justice VALENTINE, delivering the opinion in that case, said, among other things:

"And as no provision is made by law for the officer who holds the attached property at the time the appeal is taken to turn the property over to some officer of the district court, it would hardly seem that it was intended that the district court should take charge of the attached property. And it can hardly be supposed that after all the proceedings of the justice's court are taken by appeal to the district court, that any officer of the justice's court will continue to have possession and control of the attached property."

2. Authority to hold attached property.

In *Brown v. Tuppeny*, 24 Kas. 29, Brown was summoned as a garnishee in an action pending before a justice of the peace, wherein Tuppeny was plaintiff and Hill defendant. Brown answered as garnishee, admitting the possession of a draft of $100 belonging to Hill, which, when paid, would be owing by him to Hill. Upon the trial between Tuppeny and Hill, judgment was rendered in favor of Hill; and there-

upon Brown was discharged, as garnishee, from all liability. Tuppeny filed an ordinary appeal bond, and this court held that "the proceedings in the garnishment were not taken up to the district court, the appeal being simply from the final judgment in the action."

Section 45, chapter 81, Comp. Laws of 1885, relating to civil procedure before justices, provides, among other things, that if "judgment be rendered for the defendant in the attachment, the garnishee shall be discharged and recover costs."

Section 46 of said chapter 81, reads: "If judgment be rendered in the action, for the defendant, the attachment shall be discharged, and the property attached, or its proceeds, shall be returned to him." Therefore it appears that both the garnishee must be discharged and the attachment discharged when judgment is rendered by a justice of the peace for the defendant. If an appeal from the final judgment of a justice of the peace will not transfer or carry the garnishment proceedings to the district court, which have not been dissolved or discharged prior to the judgment, it necessarily follows that an appeal from the final judgment

1. Appeal; attachment proceedings not carried to district court.
of the justice of the peace will not transfer or carry to the district court attachment proceedings which have not been discharged at the rendition of the judgment. In the case at bar, after the justice of the peace rendered judgment for the defendant, he also rendered judgment that the attached property be returned. Subsequently the justice directed the constable to hold possession of the attached property until the expiration of the ten days within which the plaintiff had the right to appeal. The Exchange Bank filed its appeal bond within the ten days, but how soon after the rendition of judgment is not shown. For aught that appears in the record, the appeal bond may not have been filed until the last day that an appeal was allowable; therefore the constable may have held possession of the attached property after the judgment was rendered in favor of the defendant for several days before any appeal bond

was approved or filed. As the judgment in favor of the defendant discharged the attachment and thereby released the attached property, it clearly appears that the constable had no legal process in his hands authorizing him to hold the attached property between the rendition of the judgment in favor of the defendant and the filing of the appeal bond, even if the appeal bond could have carried the attachment proceedings to the district court.

In *Roll v. Murray*, 35 Kas. 171, the action was commenced before a justice of the peace, and an order of attachment obtained; subsequently, upon the motion of the defendant, the attachment was discharged; afterward a judgment was rendered in favor of the plaintiff and against the defendant; within the ten days the plaintiff filed an appeal bond, attempting to take an appeal both from the order of the justice discharging the attachment, and also from the judgment of the justice upon the merits; the appeal bond was sufficient for both these purposes, if an appeal from an order of the justice of the peace discharging an attachment was allowable. This court held that the appeal did not give to the district court power to review and retry the attachment proceedings instituted before the justice of the peace. Mr. Justice VALENTINE, in delivering the opinion said, among other things:

"There is no provision in the statutes for taking an appeal from the order of a justice of the peace in any provisional remedy or in any ancillary proceeding, and no provision anywhere for retrying in the district court upon an appeal from a justice of the peace, any question that pertains only to some provisional remedy, or to some ancillary proceeding. The appeal is from a final judgment only, and from a judgment on the merits only, and the trial afterward to be had on the appeal is only upon the merits. . . . In our opinion attachment proceedings cannot be taken to the district court at all on appeal."

In view of the decisions in the foregoing cases, it is unnecessary to refer to the authorities from other states to which we are cited. If the construction given to the statute works

injustice in attachment procedings, the remedy is with the legislature.

The judgment of the district court will be affirmed.

JOHNSTON, J., concurring.

VALENTINE, J.: I cannot concur in the decision in this case. In my opinion whenever a plaintiff appeals from the judgment of a justice of the peace to the district court, everything pending in the case at the time of the rendering of the judgment appealed from is taken to the district court. Certainly no statute can be found to the contrary. It is true that in all cases where a judgment is rendered in favor of the defendant, either in a justice's court or in the district court, all attachment and garnishment proceedings then pending in the case will, by reason of the judgment and it alone, be discharged. (Justices Code, §§ 45, 46; Civil Code, §§ 220, 221.) In this respect the rule of law in the two courts is precisely the same. But this discharge of the attachment and garnishment proceedings is only provisional or conditional, depending for its finality wholly and entirely upon whether the judgment itself shall be permitted to stand as a finality, or shall subsequently be set aside or vacated, as upon an order in the same court granting a new trial, or by a judgment of reversal rendered in some higher court upon a petition in error, or by a judgment rendered in some higher court upon an appeal. The aforesaid sections of the justice's act and of the civil code apply so as to discharge the attachment and garnishment proceedings pending in the case only where the judgment of the court is rendered wholly in favor of the defendant and wholly against the plaintiff, and do not apply where the judgment is rendered in favor of the plaintiff, even if rendered only for the smallest fraction of his claim, and yet in either of these cases it would be the plaintiff, and not the defendant, who would want to appeal, or to carry his case on petition in error to a higher court. It is also true that an order of a justice of the peace discharging an attachment or garnishment proceeding prior to the rendering of the judgment on the merits of the case cannot alone be

taken on an appeal to the district court, for the reason that such order discharging or vacating such attachment or garnishment proceeding is *not a final order* in the case. ( *Butcher v. Taylor,* 18 Kas. 558.) It is also true that attachment and garnishment proceedings which have been discharged before any judgment upon the merits is rendered, or, in other words, which have been stricken from the case, annulled and destroyed before any judgment upon the merits is rendered, cannot be taken on appeal to the district court, for the reason that when such judgment is rendered, and when the appeal is taken, such attachment or garnishment proceedings do not exist in the case; and as before intimated, only such proceedings as exist in the case at the time when the judgment upon the merits is rendered can be taken on appeal from a justice of the peace to the district court. ( *Gates v. Sanders,* 13 Kas. 411; *Roll v. Murray,* 35 id. 171.) In all such cases "attachment [and garnishment] proceedings cannot be taken to the district court at all on appeal." Also, in all cases where the defendant appeals, he is required by the statutes to give a bond containing substantially all that is required by § 52 of the justices act, and § 213 of the civil code, for the purpose of discharging attachment and garnishment proceedings, and therefore by the giving of such bond and by that alone, the attachment and garnishment proceedings are finally and forever discharged, and for that reason are not taken on such an appeal to the district court. ( *St. J. & D. C. Rld. Co. v. Casey,* 14 Kas. 504.) But this present case differs from all the foregoing cases, and therefore they do not determine what the decision in this case shall be. The case of *Brown v. Tuppeny,* 24 Kas. 29, however, is cited as sustaining the decision in this case. Possibly it does, and yet even that case differs in some respects from this. In that case it would seem that the garnishees were discharged by a separate and special order of the justice of the peace, while in this case the justice overruled a motion to discharge the attachment, and held that the attachment was regular and valid, and only upon rendering the judgment upon the merits of the case and as a part thereof ordered a return of the attached property. In

that case it was the *garnishees*, N. B. Brown & Co., who had previously been discharged by the justice of the peace as garnishees, who raised the question of the right of appeal *as to them*, and not as to the defendant, Hill, or anyone claiming under Hill; and this court held that "an *ordinary* appeal bond" would not, *as to such garnishees* and their *liability*, create a good appeal, or bring up for review or retrial the question of the garnishees' rightful discharge by the justice. This is not such a case. The appeal bond in that case was "an *ordinary* appeal bond" given by the plaintiff, Tuppeny, to the defendant, Hill, and not given to the garnishees, N. B. Brown & Co., and in form it was given to procure an appeal only from the judgment in favor of Hill, and not to procure an appeal from the order discharging the garnishees. The garnishees had no notice of the appeal, nor did they appear in the district court, but it was they and they alone that filed the petition in error in the supreme court, and they alone that objected to the sufficiency of the appeal, and to such sufficiency only as it affected them, and not as it affected the defendant, Hill, and the defendant, Hill, was not made a party to the proceedings in error in the supreme court. In all the cases above referred to, the appeal bond was simply an appeal bond as between the plaintiff and the defendant, and it was not in any case given to the garnishees or others. What the effect in any case would be if the appeal bond should be given by the plaintiff or appellant to the garnishees in the case, has never yet been decided by this court. It also seems that in that case it was intended to follow the decision made in the case of *Gates v. Sanders*, 13 Kas. 411, which case does not decide anything like what is decided in the present case. If the decision in the case of *Brown v. Tuppeny* sustains the present decision, then it is the only decision that can be found anywhere that does. The fact that the statutes do not anywhere provide in express terms what shall be done with the attached property pending an appeal from a justice of the peace to the district court is referred to, but this is not an insuperable objection to holding that an attachment or garnishment proceeding may continue

in force pending such an appeal. There is no provision by statute as to what shall be done with attached property when a change of venue is taken from the district court of one county to the district court of another county, nor is there any statute that provides what shall be done with attached property pending a proceeding in error from a justice of the peace to the district court, or from the district court to the supreme court; and yet it will not be claimed by anyone that all proceedings in attachment or garnishment must necessarily be discharged and destroyed whenever a change of venue is taken from one county to another, or whenever a case is taken on petition in error from a lower to a higher court. Besides, the district courts and the judges thereof in vacation have ample power to grant all necessary interlocutory orders; (see act relating to district courts, § 2;) and of course a district court or the judge thereof can make any necessary interlocutory order with respect to any property held by attachment or garnishment proceedings. The district court or the judge thereof, pending the appeal in this case, could have made any proper order with respect to the property attached; and when the final judgment was rendered in the case in favor of the plaintiff, the Exchange Bank, the court should have ordered the property to be sold to satisfy the judgment. I think the appeal in the present case took with it the attachment proceedings. In any case, where a defendant against whom the attachment and garnishment proceedings have been instituted appeals from the judgment of a justice of the peace to the district court, the plaintiff continues to have ample security for the payment of his claim, and just such security as is provided for by § 52 of the justices act, and § 213 of the civil code, as well as by § 121 of the justices act. (*St. J. & D. C. Rld. Co. v. Casey*, 14 Kas. 504.) And where the plaintiff appeals in such a case, such plaintiff will continue to have just such security for the payment of his claim as he had at the time when the judgment from which he appeals was rendered. If he had no security at that time, his appeal will not create any, and of course he cannot by his appeal take to the district

court more than he had or what he did not have. (*Gates v. Sanders*, 13 Kas. 411; *Roll v. Murray*, 35 id. 171.) But if he had security when the judgment was rendered, then he will continue to have it, at least conditionally, and by his appeal he will take the same with the rest of the case to the district court. Should an unjust and erroneous judgment of the justice of the peace against the plaintiff, and a judgment from which he must appeal if he desires or hopes for justice, destroy all his security? The judgment might, however, be rendered in his favor for a part of his claim; possibly, however, only for a small fraction thereof, when in justice it should be rendered for the whole amount claimed, and the justice of the peace might at the same time order that the attached property, or so much thereof as might be necessary, should be sold to satisfy that part of the claim for which the judgment was rendered, then must the plaintiff lose the remainder of his claim by not appealing, or must he lose the whole of his security by taking an appeal? Can he hope only for injustice? Is injustice inevitable in such a case?