THE BANK OF SANTA FÉ, *by Treadwell C. Coffman, as Receiver,* v. THE HASKELL COUNTY BANK *et al.*

1. ATTACHMENT—*Dissolution, Who May Ask.* Where a judgment creditor has levied upon personal property subject to the attachment of another party, he is entitled to come into court and move to discharge the property from the attachment, if the writ has been improvidently or improperly obtained.

2. AMENDED PETITION—*Waiver.* Where a demurrer to a petition is sustained, and thereupon the plaintiff, with leave of the court, files an amended petition substituting another party as plaintiff, and, by agreement of all the parties, judgment is rendered upon the amended petition, the plaintiff cannot complain of the ruling of the court in sustaining the demurrer, or of the judgment rendered in accordance with the agreement of the parties.

*Error from Haskell District Court.*

ON the 2d of March, 1894, in the district court of Finney county, a verdict was rendered in favor of the Bank of Santa Fé against the Haskell County Bank *et al.* for $7,000; but the proceedings were delayed by a motion for a new trial until the 12th day of March, 1894, when the court rendered judgment on the verdict in favor of the Bank of Santa Fé, and on that day a transcript of the judgment was sent and filed in the office of the clerk of the district court of Haskell county. On the same day an execution was issued on the $7,000 judgment by the clerk of the district court of Finney county to the sheriff of Haskell county, which execution the sheriff levied on the attached property subject to the attachment, and thereafter, and on the — day of ——, 1894, returned to the clerk of the Finney county district court, and indorsed thereon his return. On the 9th day of July, 1894, an *alias* execution was issued out of the Finney county district court on said judgment to the sheriff of Haskell county, and the same was levied on the same property as was attached. On the 3d of March, 1894, The State, *ex rel.,* brought its action against the Haskell County Bank *et al.* on the bond of the bank as the official depository of Haskell county in the dis-

trict court of that county, and attached all the property of
the Haskell County Bank.   After commencing the action of
The State, *ex rel.*, etc., against Haskell County Bank and the
sureties on the bond, such proceedings were had that the de-
fendants filed a demurrer on three grounds: First, want of
capacity to sue; second, defect of parties plaintiff; third, in-
sufficient statement of facts to constitute a cause of action.
After the filing of the demurrer, and before the ruling thereon,
the Bank of Santa Fé came into the Haskell county district
court and made a showing, by way of a motion duly verified,
setting up its judgment and execution above referred to, and,
by leave of the court, moved to discharge the attachment.
The hearing came up on the demurrer first, and the court
sustained the demurrer, and the plaintiff then dismissed the
action as to all the defendants but the Haskell County Bank.
Afterward, and on the same day, the hearing on the motion
to discharge the attachment came on, but it was overruled,
and the Bank of Santa Fé excepted to the ruling.   The
court then permitted S. A. McCollum, as county treasurer of
Haskell county, to be substituted as the plaintiff in the case
against the Haskell County Bank, and an amended petition
was then filed, and, by agreement of plaintiff and the Haskell
County Bank, judgment was rendered for the county treasurer
for the sum of $12,011.25 against the Haskell County Bank,
and the attached property ordered to be sold to pay the
judgment and costs.   *The Bank of Santa Fé* excepted, and
brings the case here.

The State, *ex rel.*, etc., by W. A. Frush, the county attor-
ney, has filed a cross petition in error to reverse the ruling of
the trial court in sustaining the demurrer to the petition.

*Milton Brown,* for plaintiff in error:

The bank of Santa Fé has a right to appear by way of mo-
tion, and move to discharge the attachment.   See Civil Code,
§ 532; *Dolan v. Topping,* 51 Kas. 321, 329.

The conditions of the bond sued on in the case at bar, and
the bond in *Comm'rs of Harvey Co. v. Munger,* 24 Kas. 205,

were entirely different. That case does not support the county attorney's view; it is against him. Neither his original nor amended petition alleges facts sufficient to show that it was state or county funds which the defendant Haskell County Bank had, and for which said suit was being prosecuted. The purpose and conditions in the bond sued on in the Harvey county case, and the one at bar, are not the same, but vastly different in the matter of the interests and parties beneficially interested under the bond.

If there was any error committed by the court in the ruling on the demurrer, the plaintiff below acquiesced in it and cannot now be heard on that proposition. See, *U. P. Rly. Co. v. Estes*, 37 Kas. 229; *Deisher v. Stein*, 34 id. 39; *Sanford v. Weeks*, 39 id. 650.

*W. A. Frush*, county attorney, for The State:

The ruling of the court on plaintiff in error's motion was correct. The plaintiff in error was not a party to the suit; had no interest therein; could not be affected thereby. See *Boston v. Wright*, 3 Kas. 227.

The property of the Haskell County Bank was in the hands of the sheriff of Haskell county under and by virtue of an attachment when the judgment was rendered in favor of the plaintiff in error, in Finney county. It (the Haskell County Bank) owned no real estate at the time of the rendition of plaintiff's judgment. The judgment could not be a lien on personal property until execution was levied upon it. The record does not show that a levy was ever made. The authorities cited by counsel for plaintiff in error are not on all fours with this case and do not sustain his theory.

The State of Kansas, *ex rel.* never did acquiesce in the ruling of the court on the demurrer; it took its exception and stood upon it. The fact that S. A. McCollum, county treasurer, under the ruling of the court that he was the party interested and the proper one to bring suit on the bond, it (the bond) having been made for his benefit, did ask and obtain leave of the court to be substituted for the plaintiff, cannot

and does not bar the state of Kansas from raising the question of that ruling in this court, especially as that ruling is relied upon by the plaintiff in error to give him the only footing upon which he can stand in this court. We, therefore, still contend that it is the duty of this court to pass upon that ruling as presented by our cross-petition, and if the court finds, as we think it must, that that ruling was erroneous, the cause should be remanded as per prayer of our cross-petition.

The opinion of the court was delivered by

HORTON, C. J.: After the plaintiff in the court below had levied an attachment upon the personal property of the Haskell County Bank, the Bank of Santa Fe, a judgment creditor of the Haskell County Bank, having levied an execution upon the same property subject to the attachment, filed its motion, with the permission of the district court, to discharge the property from the attachment. This motion was denied, upon the ground that the Bank of Santa Fe was not a party to the action or interested therein or affected thereby. The motion was attempted to be presented again, when the petition was amended by the substitution of S. A. McCollum, as county treasurer, as plaintiff. The record states the parties admitted in open court that the property attached was levied upon subject to the attachment under an execution issued by the clerk of the district court of Finney county to the sheriff of Haskell county upon a judgment rendered in the district court of Finney county in favor of the Bank of Santa Fe against the Haskell County Bank. Upon the facts disclosed, the Bank of Santa Fe was interested in the property attached, and also in discharging it from the attachment wrongfully levied thereon. Under the prior decisions of this court, the Bank of Santa Fe had the legal right to contest the validity of the attachment. (Civil Code, § 532; *Long v. Murphy*, 27 Kas. 375; *Dolan v. Topping*, 51 id. 321.) The rulings of the court upon the motion were erroneous. In *Boston v. Wright*, 3 Kas. 227, Wright was made a party defendant and permit-

ted to intervene by answer. This was held improper. In that case no opinion was expressed concerning the motion to dissolve the attachment.

It appears that the action brought by The State, *ex rel.*, against Haskell County Bank *et al.*, was to recover $12,011.25, upon the breach of the condition of a bond executed by the Haskell County Bank and its sureties, providing that the bank, which had been designated as the official depository of Haskell county, would pay promptly the checks and drafts of the treasurer of that county. The ground for obtaining the writ of attachment was, that the Haskell county bank "had failed to pay the price and value of certain articles and things delivered, which by its contract it was bound to pay upon demand, and to pay over the money deposited by the treasurer of said Haskell county on demand, as provided in said bond." It appears from the petition that large sums of money had been deposited in the Haskell County Bank by S. A. Mc Collum, as county treasurer, and at the commencement of the action of The State, *ex rel.*, against the Haskell County Bank that there was a balance in the bank to the credit of S. A. Mc Collum, as county treasurer, of $12,011.25, and that the bank and its cashier refused to accept or pay the checks of the county treasurer. It is not alleged in the petition or the affidavit for attachment that there was any money due for any articles or other things sold or delivered by the state to the bank. The action of the state, and the subsequent action of S. A. Mc Collum, as county treasurer, was not upon an account for goods and merchandise which the Haskell County Bank had purchased and had failed to pay the price or value, upon delivery. The mere refusal to pay over money deposited by a county treasurer is not a ground for the writ of attachment provided for in the statute. Therefore, upon the record, it appears that there was no ground for the issuance of the attachment, and the motion to discharge the property ought to have been heard and sustained.

It is unnecessary to decide the other questions which are discussed in the briefs. The Bank of Santa Fé is interested

only in having the property levied upon under its execution discharged from the attachment.   This it is entitled to.   The State of Kansas, *ex rel.*, has no serious complaint of the ruling of the trial court in sustaining the demurrer to its petition.   After the demurrer had been sustained, with the consent of all the parties, a new party was substituted as plaintiff, an amended petition was filed, and by agreement of the parties in that action judgment was rendered upon the amended petition against the Haskell County Bank.   The state is in no condition to except to that judgment.   (*U. P. Rly. Co. v. Estes*, 37 Kas. 229; *Sanford v. Weeks*, 39 id. 649.)

The order of the trial court overruling the motion to discharge the attachment will be reversed, and the cause remanded, with direction to the district court to sustain the motion of the Bank of Santa Fé to discharge the attached property.

All the Justices concurring.