GEORGE R. FULTZ v. F. P. NEAL.

No. 140.

GARNISHMENT — *Appeal.* An order of a justice of the peace discharging a garnishee is not appealable.

MEMORANDUM. — Error from Sumner district court; JAMES A. RAY, judge. Action by George R. Fultz against F. P. Neal to recover on an order to garnishee to pay money into court. Judgment for defendant. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed June 3, 1896, states the material facts.

*W. W. Schwinn,* for plaintiff in error,

*James T. Herrick,* for defendant in error.

The opinion of the court was delivered by

COLE, J. : Plaintiff in error filed his petition in the district court of Sumner county, alleging, in substance, that the firm of Fultz & Millard brought an action before a justice of the peace in said county, and at the same time procured a garnishment summons to issue in said action ; that both the defendant and the garnishee were served, and that answer was made show-

ing that the garnishee was indebted to the principal defendant in a sum in excess of the amount of the plaintiffs' claim; that afterward such proceedings were had before the justice of the peace that judgment was rendered against the plaintiffs for costs, and said garnishee was discharged, and that thereupon, within the time prescribed by statute, an appeal was taken by the plaintiffs, whereby they appealed from the judgment rendered against them for costs by the justice of the peace, and from the order of said justice discharging the garnishee, and said appeal was perfected and said cause removed to the district court of Sumner county, Kansas; that afterward the cause came on for trial, and plaintiffs obtained judgment against the principal defendant for $140.50, with interest and costs; that an order was made by the district court directing the garnishee to pay into court the amount of said judgment and costs, which judgment and order are unappealed from and unreversed, and of full force and effect. The petition further alleges, that at the time of the service of the garnishment summons the garnishee was a banking corporation, and that the defendant in in this action was the cashier of said bank; that afterward said bank ceased to have any organization and ceased to exercise any of its functions as a banking corporation; that at the time such bank was served with garnishment summons it had a large amount of property belonging to the principal defendant in the original case. The petition further alleges, that the defendant in this case was at the time a large stockholder of this bank, and that after the service of the garnishment summons he, with other persons, divided the property of said bank, and that this defendant received of said property more than $10,000, which he retains, and that by said acts the bank has been pre-

vented from paying into court the money ordered to be paid in by the district court of Sumner county; that all the officers of said bank upon whom service could be had have removed from the state. The petition then alleges that the firm of Fultz & Millard have sold and transferred the judgment in question to the plaintiff in this case; that this plaintiff has demanded of the defendant in this case payment of the judgment and costs, which demand has been refused, and the petition prays judgment against the defendant, F. P. Neal, for the amount due to plaintiff.

To this petition the defendant, F. P. Neal, filed his demurrer, setting forth as grounds therefor: (1) That the petition failed to state facts sufficient to constitute a cause of action against the defendant, in favor of the plaintiff; (2) that the petition shows affirmatively that the said plaintiff ought not to recover from this defendant; (3) that the petition shows that the garnishment proceedings against the bank, in the action of Fultz & Millard before the justice of the peace, were dismissed and said garnishee discharged by said justice of the peace long before the bringing of this action, and that such order of said justice of the peace dismissing such garnishee proceedings and discharging said garnishee has never been vacated or appealed from, but remains in full force and effect. This demurrer was sustained, and the plaintiff elected to stand upon his petition, and brings the case here for review.

While the demurrer in this case is in three separate paragraphs, it may be said to contain but the one real ground, namely, that the petition of the plaintiff fails to state a cause of action, and the ground which seems to have been urged, and which is here argued by counsel for both sides, is that there is no provision of the statute for an appeal from a justice of the peace

discharging a garnishee. It is true the defendant in error in his brief claimed there were certain technical defects in the language of the pleader who drew the petition, but they are of minor importance, and, in our opinion, are not such as would sustain the ruling of the court upon the demurrer in this case. There can be no doubt, however, that the real point here discussed is settled by the cases of *Roll v. Murray*, 35 Kan. 171, and *Becker v. Steele*, 41 id. 173.

In the latter case, HORTON, C. J., reviews the different cases theretofore passed upon by the supreme court, closing with the case of *Roll v. Murray*, supra, in the following language :

"In *Roll v. Murray*, 35 Kan. 171, the action was commenced before a justice of the peace, and an order of attachment obtained ; subsequently, upon the motion of the defendant, the attachment was discharged ; afterward a judgment was rendered in favor of the plaintiff and against the defendant ; within the 10 days the plaintiff filed an appeal bond, attempting to take an appeal both from the order of the justice discharging the attachment, and also from the judgment of the justice upon the merits ; the appeal bond was sufficient for both these purposes if an appeal from an order of the justice of the peace discharging an attachment was allowable. This court held that the appeal did not give to the district court power to review and retry the attachment proceedings instituted before the justice of the peace. Mr. Justice VALENTINE, in delivering the opinion, said, among other things : 'There is no provision in the statutes for taking an appeal from the order of the justice of the peace in any provisional remedy or in any ancillary proceeding, and no provision anywhere for retrying in the district court upon an appeal from a justice of the peace any question that pertains only to some provisional remedy or to some ancillary proceeding. The appeal is from a final judgment only, and from a judgment on the merits only, and the trial afterward to

be had on the appeal is only upon the merits. . . . In our opinion, attachment proceedings cannot be taken to the district court at all on appeal.' "

It is contended by counsel for plaintiffs in error that this language of the chief justice is *dictum* merely ; but it will be noted that in the case of *Roll v. Murray*, from which he quotes, the doctrine here referred to is laid down in the syllabus of the case, and, while VALENTINE, J., who delivered the opinion in *Roll v. Murray*, dissents from the opinion in *Becker v. Steele*, and thereby appears to modify the language used in the former case, yet the court, after a review of all the cases bearing upon the point, holds to the doctrine that attachment proceedings cannot be taken to the district court at all on appeal. From the fact that the attention of the court in *Becker v. Steele* was specially directed to the distinction sought to be drawn by VALENTINE, J., we must conclude that the court intended a full application of the doctrine, and we can only say, in the language of HORTON, C. J., in the last-named case, " if the construction given to the statute works injustice the remedy is with the legislature."

It is further argued by counsel for the plaintiff in error that the doctrine which he here contends for is the same as is enunciated in *Washer v. Campbell*, 40 Kan. 398, 747. We think the cases are not at all parallel. That case was an action on a bond given for the purpose of procuring the release of proceedings in garnishement, and, by the giving of said bond, the garnishees were released. It does not present the question of an appeal from an order releasing a garnishee nor is that question discussed in the opinion in the case.

We do not think it necessary to consider the question

as to whether the other facts stated in the petition would have been sufficient to charge the defendant, Neal, for the reason that the appeal from the judgment of the justice of the peace did not carry with it the garnishment proceedings, and therefore the demurrer was properly sustained, and the judgment of the district court is affirmed.

All the Judges concurring.